Per Curiam.

The loan agreement of June 3, 1959 constituted a pledge by the plaintiff of both the 500 shares of stock in defendant corporation and the first mortgage on the premises which the corporation owned. Upon default, the plaintiff was entitled to notice from defendant pledgees of the sale of both pledged items and to the opportunity to redeem afforded by article 9 of the Lien Law (§§ 201, 202; see Toplitz v. Bauer, 34 App. Div. 526, 530; see, also, Jones, Pledges [2d ed., 1901], §§ 501, 610). The provision in the agreement that, upon the plaintiff’s default, title to the stock would pass to the pledgees did not constitute a waiver of notice with respect to such stock. Accordingly, the determination of the Appellate Division is modified to the extent of (a) declaring that defendant Ray Lupoli holds the 500 shares of stock in defendant corporation, as Well as the first mortgage on the premises owned by defendant corporation, as trustee for the plaintiff and as successor-pledgee of defendants Kraitz and Silverman, and (b) directing defendant Ray Lupoli to comply with the provisions of article 9 of the Lien Law so far as said stock, as well as said mortgage, is concerned. As so modified, the order is affirmed, without costs.
Chief Judge Desmond and Judges Fttld, Van Voorhis, Burke, Scileppi, Bergan and Keating concur.
Order modified in accordance with the opinion herein and, as so modified, affirmed, without costs.