**[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 269.]**

ZANDERS, APPELLANT, *v*. ANDERSON, SUPT., APPELLEE.

[Cite as *Zanders v. Anderson*, 1996-Ohio-46.]

*Criminal law—Probation—Reversed criminal conviction may serve as basis for probation revocation unless probationer pleads and proves that reversal removes all factual support for the probation revocation.*

A reversed criminal conviction may serve as the basis for probation revocation unless the probationer pleads and proves that reversal removes all factual support for the probation revocation. (*State ex rel. Hickman v. Capots* [1989], 45 Ohio St. 3d 324, 544 N.E. 2d 639; *Flenoy v. Ohio Adult Parole Auth.* [1990], 56 Ohio St. 3d 131, 564 N.E. 2d 1060; and *State ex rel. Jackson v. McFaul* [1995], 73 Ohio St. 3d 185, 652 N.E. 2d 746, followed. *In re Petition for Mallory* [1985], 17 Ohio St. 3d 34, 17 OBR 28, 476 N.E. 2d 1045, overruled to the extent that it is inconsistent with this opinion.)

(No. 95-68—Submitted September 26, 1995—Decided January 10, 1996.)

APPEAL from the Court of Appeals for Lorain County, No. 94CA005925.

———————

{¶ 1} In 1991, appellant, Lawrence Zanders, was convicted of grand theft with a specification, and also of failure to appear, and was sentenced for these crimes to consecutive terms of imprisonment of two to ten and one to five years, respectively. However, the trial court suspended execution of the sentences and placed appellant on probation for two years.

{¶ 2} On January 26, 1993, appellant was convicted of two felony counts of involuntary manslaughter and failure to drive within marked lanes, a minor misdemeanor. He was found not guilty of two counts of aggravated vehicular homicide, one count of tampering with evidence, one count of failure to stop and exchange information after an accident, and one count of operating a motor vehicle

without lighted lights. The jury could not agree on a charge of "failure to operate a vehicle without reasonable control [*sic*]," which the prosecution then dismissed. He was sentenced to consecutive four-to-ten year terms on each conviction of involuntary manslaughter, with each minimum term to be a period of actual incarceration, and was fined one hundred dollars for failure to drive within marked lanes. The conviction for failure to drive within marked lanes served as the underlying misdemeanor for the involuntary manslaughter convictions.

{¶ 3} On January 29, 1993, the trial court also revoked appellant's probation and imposed sentence on the 1991 convictions.

{¶ 4} On appeal, the court of appeals reversed the convictions for involuntary manslaughter based on *State v. Collins* (1993), 67 Ohio St. 3d 115, 616 N.E. 2d 224, which held that a minor misdemeanor may not serve as the underlying offense for involuntary manslaughter. The court of appeals affirmed the conviction for failure to drive within marked lanes and remanded the case to the trial court to execute its judgment.

{¶ 5} On June 2, 1994, appellant filed a motion to vacate the probation revocation. The trial court apparently did not act on the motion until January 6, 1995, when it denied the motion, stating that the "underlying misdemeanors [*sic*] are sufficient reasons to revoke probation."

{¶ 6} In the meantime, on August 5, 1994, appellant filed this petition for habeas corpus in the court of appeals. Both parties filed motions for summary judgment. The court of appeals granted appellee's motion, holding that by virtue of the remaining marked-lanes conviction, the trial court had discretion to determine whether probation should be revoked.

{¶ 7} Appellant appeals to this court as a matter of right.

————————————

*Lawrence Zanders*, *pro se*.

*Betty D. Montgomery*, Attorney General, and *Charles L. Wille*, Assistant Attorney General, for appellee.

————————————

***Per Curiam.***

**{¶ 8}** We affirm the judgment of the court of appeals.

**{¶ 9}** Habeas corpus relief is available to redress a nonjurisdictional claim when there is no adequate remedy at law. As to adequate remedy, both appellant and appellee rely on *In re Petition for Mallory* (1985), 17 Ohio St. 3d 34, 17 OBR 28, 476 N.E. 2d 1045. In *Mallory*, the appellee had been convicted of two counts of receiving stolen property, but was placed on five years' probation. During the probation period, he was convicted of carrying a concealed weapon, and his probation was revoked. The concealed weapons violation was reversed on appeal. Then Mallory, like appellant, requested the trial court to vacate the probation revocation. Receiving no decision for several months, Mallory filed for a writ of habeas corpus in the court of appeals. The court of appeals allowed the writ and, apparently, discharged Mallory from custody. The state appealed. We affirmed, holding that when the concealed weapons conviction was overturned, the probation revocation order was based on a nullity and therefore void. 17 Ohio St. 3d at 35, 17 OBR at 29, 476 N.E. 2d at 1047. We further reasoned that even though the trial court may have had jurisdiction to consider the motion to vacate the probation revocation, after a reasonable time had elapsed without action by the trial court, habeas corpus would lie. 17 Ohio St. 3d at 36, 17 OBR at 29-30, 476 N.E. 2d at 1047.

**{¶ 10}** In *Mallory*, we emphasized the importance of habeas corpus as an effective and speedy remedy. Accordingly, although a motion to vacate may be an adequate remedy if it is acted upon quickly, it was not an adequate remedy in this case.

**{¶ 11}** Appellant argues that he was denied due process of law by being sentenced to long terms of imprisonment on the probation violation for committing only a minor misdemeanor. He cites no authority which supports this proposition.

**{¶ 12}** In *Collins*, we stated that a minor misdemeanor could not be the predicate for an involuntary manslaughter conviction. However, that decision was based on statutory construction, not due process. The Sixth Circuit Court of Appeals has held that the former involuntary manslaughter statute did not violate the Due Process Clause even though it did not contain a *mens rea*:

"*** [W]here a criminal statute prohibits and punishes conduct not innocent or innocuous in itself, the criminal intent element may be dispensed with if the criminal statute is designed for the protection of the public health and safety and if it has no common law background that included a particular criminal intent. Because citizens are presumed to know the ordinary traffic safety laws and that violating them is dangerous and wrong, Ohio's involuntary manslaughter statute, as applied in this case, is based on the obviously wrongful and blameworthy conduct of violating traffic safety laws. Accordingly, it is not the kind of statute that requires a formally stated criminal intent element in order to comport with the Due Process Clause." *Stanley v. Turner* (C.A. 6, 1993), 6 F. 3d 399, 404.

**{¶ 13}** Applying this reasoning to probation revocation, appellant is presumed to know that violating the marked-lane statute was "dangerous and wrong." Moreover, since *Mallory* was decided, we have stated in parole cases that "parole may be revoked even though criminal charges based on the same facts are dismissed, the defendant is acquitted, or the conviction is overturned," unless "all factual support" for the revocation is removed. *State ex rel. Hickman v. Capots* (1989), 45 Ohio St. 3d 324, 544 N.E. 2d 639, 640; *Flenoy v. Ohio Adult Parole Auth.* (1990), 56 Ohio St. 3d 131, 132, 564 N.E. 2d 1060, 1062; *State ex rel. Jackson v. McFaul* (1995), 73 Ohio St. 3d 185, 188, 652 N.E. 2d 746, 749. *Hickman* additionally requires the offender to plead specific facts to show that all factual

support has been removed from the revocation. We now apply these cases to probation revocation. Appellant pled no contest to the probation revocation and, in the instant case, has not attempted to plead any specific facts showing why the reversal of his conviction for involuntary manslaughter removed all factual support for the probation revocation.

{¶ 14} R.C. 2951.02 (C) provides in part that probation "shall be at least on condition that during the period of the probation or other suspension, [the offender] shall abide by the law." Appellant violated probation by committing a traffic misdemeanor--failing to drive within marked lanes-- a clear violation of "law" that he can be presumed to know was "dangerous and wrong." *Stanley, supra*. This violation caused the deaths of two people, a fact adjudicated beyond a reasonable doubt. Accordingly, we hold, consistent with *Hickman*, *Flenoy*, and *Jackson*, that a reversed criminal conviction may serve as the basis for probation revocation unless the probationer pleads and proves that reversal removes all factual support for the probation revocation. We also overrule *Mallory* to the extent it holds that the reversal of a conviction on which a probation revocation is based makes that crime a "nullity" for all purposes.

{¶ 15} For these reasons, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY and COOK, JJ., concur.

WRIGHT and PFEIFER, JJ., dissent.

_____