[This opinion has been published in *Ohio Official Reports* at 77 Ohio St.3d 190.]

THE STATE EX REL. DUGANITZ, APPELLANT, *v*. OHIO ADULT PAROLE
AUTHORITY, APPELLEE.

[Cite as *State ex rel. Duganitz v. Ohio Adult Parole Auth.*, 1996-Ohio-326.]

*Criminal procedure—Parole—Reversal of a conviction which formed the basis
for parole revocation does not automatically entitle a parolee to final
release pursuant to R.C. 2967.16.*

(No. 96-1401—Submitted October 15, 1996—Decided December 18, 1996.)

APPEAL from the Court of Appeals for Franklin County, No. 95APD10-1366.

_____

{¶ 1} In 1984, the Cuyahoga County Court of Common Pleas convicted appellant, Michael J. Duganitz, of felonious assault and sentenced him to a term of five-to-ten years in prison. Duganitz was paroled in December 1988.

{¶ 2} In June 1989, Duganitz was arrested and charged with carrying a concealed weapon and having a weapon while under a disability. As a result of Duganitz's arrest, appellee, Ohio Adult Parole Authority ("APA"), revoked his parole in July 1989. The common pleas court convicted him of both charges and sentenced him accordingly. The court of appeals subsequently reversed the conviction based on insufficient evidence that Duganitz possessed the weapon. *State v. Duganitz* (1991), 76 Ohio App.3d 363, 601 N.E.2d 642.

{¶ 3} In August 1992, as a result of the reversed conviction, the APA reparoled Duganitz. The APA did not grant Duganitz a final release from his 1984 conviction and sentence for felonious assault. In December 1992, Duganitz was arrested and charged with felony drug abuse. He was convicted of the charge and sentenced to a term of two and one-half to five years in prison.

{¶ 4} In October 1995, Duganitz filed a complaint in the Court of Appeals for Franklin County requesting a writ of mandamus compelling the APA to vacate

his August 1992 parole release and correct its records by granting him a final release from confinement on his prior conviction. Duganitz claimed that the only sentence he should be serving is the most recent one relating to his drug abuse conviction. The court of appeals granted the APA's motion for summary judgment and denied the writ.

{¶ 5} The cause is now before this court upon an appeal as of right.

_____

*Paul Mancino, Jr.*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Robert C. Angell*, Assistant Attorney General, for appellee.

_____

***Per Curiam.***

{¶ 6} Duganitz claims that the court of appeals erred in granting the APA's motion for summary judgment and denying the writ. Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party. *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.* (1994), 69 Ohio St.3d 217, 219, 631 N.E.2d 150, 152.

{¶ 7} In his sole proposition of law, Duganitz asserts that an inmate is entitled to unconditional release without further parole supervision where the inmate's parole is revoked because of a new conviction that is subsequently determined to be factually unsupported. Duganitz contends that after the reversal of his conviction for carrying a concealed weapon and having a weapon while under a disability, he should have been unconditionally released rather than reparoled. Duganitz's argument is based on his misconception that release from parole

2

supervision "follows automatically unless there has been some intervening violation."

{¶ 8} Former R.C. 2967.16(A) provides that "when a paroled prisoner has faithfully performed the conditions and obligations of his parole and has obeyed the rules and regulations adopted by the adult parole authority that apply to him, the authority upon the recommendation of the superintendent of parole supervision may enter upon its minutes a final release and thereupon shall issue to the paroled prisoner a certificate of final release, but no final release shall be granted earlier than one year after the prisoner is released from the institution on parole unless his maximum sentence has expired prior thereto ***." See, also, Ohio Adm. Code 5120:1-1-13.

{¶ 9} Under R.C. 2967.16, a parolee whose maximum sentence has not expired must satisfy the following requirements before being considered for final release: (1) the parolee has faithfully performed the conditions and obligations of the parole and obeyed the APA's rules and regulations, (2) the parolee has been on parole for at least one year, and (3) the Superintendent of Parole Supervision has recommended that the parolee be granted final release. Even if all of these requirements are met, the APA's decision whether to grant final release is still discretionary. See, *e.g., Bates v. Ohio Adult Parole Auth.* (Sept. 22, 1987), Franklin App. No. 86AP-471, unreported, 1987 WL 17528 ("While the Adult Parole Authority had the discretion to terminate that parole after one year, it was not obligated to do so.").

{¶ 10} As the court of appeals correctly concluded, R.C. 2967.16 does not confer a legal right to unconditional release of a parolee whose maximum sentence has not expired. See, *e.g., Porter v. Ohio Parole Bd.* (Mar. 8, 1995), Lorain App. Nos. 94CA005878 and 94CA005899, unreported, 1995 WL 92147 ("[R.C. 2967.16] does not mandate a parole release, thus it does not create a protected statutory entitlement to release from parole."). Further, there is no evidence or

assertion that the Superintendent of Parole Supervision ever recommended that Duganitz be granted a final release. Moreover, Duganitz's contention that he would have faithfully complied with his parole conditions for the minimum one-year period but for the intervening, invalid conviction, is belied by the fact that less than four months after his subsequent reparole, he was arrested for yet another crime.

{¶ 11} Duganitz cites *Zanders v. Anderson* (1996), 74 Ohio St.3d 269, 658 N.E.2d 300, and *Flenoy v. Ohio Adult Parole Auth.* (1990), 56 Ohio St.3d 131, 564 N.E.2d 1060, in support of his contentions. In these cases, we held that parole and probation may be revoked even though criminal charges based on the same facts are dismissed, the defendant is acquitted, or the conviction is overturned, unless all factual support for the revocation is removed. *Zanders* and *Flenoy* apply only to the propriety of revocation and not to the final release of paroled prisoners. Therefore, a reversal of the conviction which formed the basis for parole revocation does not automatically entitle a parolee to final release pursuant to R.C. 2967.16. See *Stahl v. Shoemaker* (Nov. 23, 1976), Franklin App. No. 76AP-49, unreported, affirmed on other grounds (1977), 50 Ohio St.2d 351, 4 O.O.3d 485, 364 N.E.2d 286. In addition, as appellee notes, not all factual support for the revocation was removed by reversal of Duganitz's conviction because there was evidence that he had told a police officer that he was in the area to buy crack cocaine. See *Hattie v. Anderson* (1994), 68 Ohio St.3d 232, 235, 626 N.E.2d 67, 70 (other alleged crimes which do not result in charges may be considered by the APA in decision to revoke parole). The APA could appropriately consider Duganitz's intent to commit a new crime in exercising its discretion to reparole him rather than granting him a final release.

{¶ 12} Based on the foregoing, the summary-judgment evidence introduced in the court of appeals established neither a clear legal right for Duganitz's unconditional release in 1992 from his prior sentence nor a corresponding clear legal duty on the part of the APA to grant the requested release. Accordingly, we

affirm the judgment of the court of appeals entering summary judgment in favor of the APA and denying the writ.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.

————————————