**BARNETT**

v.

**The STATE of Ohio.**█

Court of Claims of Ohio.

No. 97–08532–WI.

Decided April 1, 1999.

*Ken Murray,* for plaintiff.

*Betty D. Montgomery,* Attorney General, *John P. Reichley* and *Michael J. Valentine,* Assistant Attorneys General, for defendant.

---

FRED J. SHOEMAKER, Judge.

Plaintiff Clarence R. Barnett filed this action against defendants based upon alleged wrongful imprisonment. The court granted summary judgment for plaintiff on the issue of liability on September 3, 1998. Plaintiff asserts that he incurred damages in the form of lost Social Security benefits, attorney fees, postage, and copying costs. Defendants deny that plaintiff incurred damages. The findings and conclusions herein are derived from the documents and pleadings in the case file, evidence at trial, and the respective presentations by both parties. The court finds that the following facts were proven by a preponderance of the evidence.

On December 9, 1981, plaintiff was convicted of aggravated robbery and felonious assault. He was sentenced to concurrent terms of five to twenty-five years for the aggravated robbery charge and five to fifteen years for the felonious assault charge. He was given a maximum expiration date of August 29, 2006, for these charges. Plaintiff was released on parole on January 25, 1988. On July 26, 1989, plaintiff was arrested for gross sexual imposition and attempted rape. On May 9, 1990, plaintiff's parole was revoked because his July 26, 1989 arrest constituted a parole violation. On October 9, 1990, plaintiff was again released on parole.

On June 15, 1991, plaintiff was involved in a motor vehicle accident in which one of the passengers in his car was killed. On July 10, 1991, plaintiff was arrested and charged with involuntary manslaughter. On July 17, 1991, the Adult Parole Authority issued a detainer due to plaintiff's violation of two standard conditions of his parole: (1) operating a motor vehicle which caused the death of another person and (2) failing to report to his parole officer contact with law enforcement as a result of the motor vehicle accident. On July 29, 1991, plaintiff's parole was revoked because of the parole violations. On December 20, 1991, plaintiff was convicted of involuntary manslaughter and was sentenced to four to ten years of imprisonment. Plaintiff's sentences for this conviction and his prior convictions were combined, resulting in a maximum sentence of nine to thirty-five years.

Plaintiff appealed his conviction for involuntary manslaughter and, on May 7, 1993, the Seneca County Court of Appeals reversed plaintiff's conviction. *State v. Barnett* (May 7, 1993), Seneca App. No. 13–92–3, unreported, 1993 WL 157796. The Supreme Court of Ohio subsequently affirmed the reversal of *State v. Barnett* (1993), 67 Ohio St.3d 449, 619 N.E.2d 1016, On November 2, 1993, the

Seneca County Court of Common Pleas found that plaintiff was wrongfully imprisoned for involuntary manslaughter, ordered plaintiff discharged, and reversed his conviction. On November 30, 1993, the Parole Board conducted a hearing wherein plaintiff, by and through counsel, admitted to violating parole by being involved in a motor vehicle accident and by failing to notify his parole officer of his July 10, 1991 arrest. Plaintiff's parole was revoked at the hearing. However, plaintiff's parole was restored on January 31, 1994. Plaintiff maintains that he was wrongfully imprisoned on the involuntary manslaughter charge from July 10, 1991 to January 31, 1994.

█ The issue before the court is whether plaintiff was wrongfully imprisoned, since his involuntary manslaughter conviction was reversed by the court of appeals.

█ Plaintiff argues that since his involuntary manslaughter conviction was reversed, his parole revocation based upon his arrest for involuntary manslaughter was unlawful because it lacked any factual basis. However, a reversed criminal conviction may serve as the basis for a probation or parole revocation unless the probationer or parolee pleads and proves that reversal removes all factual support for the probation or parole revocation. *Zanders v. Anderson* (1996), 74 Ohio St.3d 269, 658 N.E.2d 300, syllabus; *Flenoy v. Ohio Adult Parole Auth.* (1990), 56 Ohio St.3d 131, 564 N.E.2d 1060,

█ When the court of appeals reversed plaintiff's involuntary manslaughter conviction, the basis for the reversal was that plaintiff was improperly charged with involuntary manslaughter, since the prosecution proved only that plaintiff had committed the minor misdemeanors of reckless operation of a motor vehicle and traffic lane violations. A minor misdemeanor cannot serve as the underlying offense for involuntary manslaughter. *State v. Collins* (1993), 67 Ohio St.3d 115, 616 N.E.2d 224, Although the court of appeals reversed plaintiff's conviction based upon the holding in *State v. Collins, supra*, the court of appeals did not find that the underlying facts leading to plaintiff's arrest for involuntary manslaughter did not occur. Plaintiff was driving erratically on the night of the incident. Two passengers from plaintiff's vehicle testified at the criminal trial that plaintiff was speeding and swerving into the other lane after he had drunk a substantial amount of alcohol and used crack cocaine. Plaintiff maintained both at the trial court level and before this court that he was not driving the vehicle. However, the jury found beyond a reasonable doubt after hearing all the evidence that plaintiff was the driver of the vehicle and that plaintiff was driving recklessly. The court finds that plaintiff's assertion that he was not the driver lacks credibility and adopts the facts surrounding the motor vehicle collision as found by the jury.

On November 30, 1993, plaintiff was present with counsel at the Parole Board hearing. Plaintiff pled guilty to being involved in a motor vehicle accident and not informing his parole officer of his arrest. Plaintiff was found guilty of violating his parole because he failed to notify his parole officer about his contact with police as a result of the motor vehicle accident. Plaintiff is bound by his admission of a parole violation. The Parole Board found the admission to be reasonable grounds for revoking parole. The court finds that defendant's witness from the Parole Board presented credible evidence to demonstrate that plaintiff's parole from the aggravated robbery and felonious assault convictions was revoked at the November 30, 1993 hearing and that the revocation was not based on the prison sentence from the involuntary manslaughter conviction. The court finds that plaintiff's parole for the aggravated robbery and felonious assault convictions was properly revoked on November 30, 1993, on plaintiff's admission that he failed to notify his parole officer of his contact with police as a result of the motor vehicle collision.

The court notes that there is no right to parole prior to the expiration of the lawful term of confinement. *State ex rel. Blake v. Shoemaker* (1983), 4 Ohio St.3d 42, 446 N.E.2d 169, This court finds that plaintiff was properly incarcerated on the aggravated robbery and felonious assault charges from July 10, 1991 until the Parole Board exercised its discretion and released him on January 31, 1994.

The court finds that although plaintiff's conviction was reversed and the Seneca County Court of Common Pleas entered judgment that plaintiff was wrongfully imprisoned on the involuntary manslaughter conviction, plaintiff's parole was lawfully revoked on the aggravated robbery and felonious assault convictions due to the underlying facts of the motor vehicle collision. Therefore, plaintiff's claim for damages pursuant to R.C. 2743.48 fails because plaintiff was serving a period of incarceration under a lawfully imposed sentence.

*Judgment for defendant.*

FRED J. SHOEMAKER, J., retired, of the Franklin County Court of Common Pleas, sitting by assignment.