ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} Douglas Haynes has filed a petition for a writ of habeas corpus and also seeks a writ of prohibition. Haynes is attempting to prevent Judge Kathleen Ann Sutula, in the underlying action of State v. Haynes, Cuyahoga County Court of Common Pleas Case No. CR-448184, from enforcing an order which prevents "the use of prescribed medications lawfully prescribed to Mr. Haynes by his doctor for the treatment of extreme pain." In addition, Haynes seeks an order which prevents Judge Sutula from conducting a probation violation hearing vis-a-vis the ingestion of lawfully prescribed pain medication. For the following reasons, we sua sponte dismiss Haynes' petition for a writ of habeas corpus/writ of prohibition.
 {¶ 2} Initially, we find that Haynes has failed to comply with the mandatory requirements of Loc.App.R. 45(B)(1)(a) which provides that a complaint or petition for an extraordinary writ must be supported by an affidavit which specifies the details of the claim. State ex rel. McCool v. Adult Parole Authority
(March 5, 1998), Cuyahoga App. No. 73487. The affidavit attached to Haynes' petition for a writ of habeas corpus/prohibition, however, fails to specify the facts and allegations that are necessary to comport with Loc.App.R. 45(B)(1)(a). The absence of facts specifying the details of the claim required by Loc.App.R. 45(B)(1)(a) is a ground for dismissal. State ex rel. Sansom v.Wilkinson, Cuyahoga App. No. 80743, 2002-Ohio-1385, at 7. See, also, State v. Soltau, Cuyahoga App. No. 84671, 2004-Ohio-4232.
 {¶ 3} In addition, Haynes fails to state a claim upon which relief can be granted since he cannot prevail on the facts alleged in the petition/complaint. State ex rel. Peeples v.Anderson (1995), 73 Ohio St.3d 559, 653 N.E.2d 371; State exrel. Edwards v. Toledo City School Dist. Bd. of Edn. (1995),72 Ohio St.3d 106, 647 N.E.2d 799, citing Baker v. Dir., U.S.Parole Comm. (C.A.D.C. 1990), 916 F.2d 725; English v. Cowell (C.A.7, 1993), 10 F.3d 434. The extraordinary writ of habeas corpus may not be used to challenge a properly convened probation violation hearing. In re Petition for Mallory (1985),17 Ohio St.3d 34, 476 N.E.2d 1045. In addition, prohibition does not lie since Judge Sutula possesses the necessary jurisdiction to conduct a probation violation hearing. See R.C. 2951.09; and Crim.R. 32.3. Finally, Haynes possesses an adequate remedy at law through a direct appeal. State ex rel. Hastings Mut. Ins. Co. v.Merillat (1990), 50 Ohio St.3d 152, 553 N.E.2d 646; State exrel. Rhodes v. Van Brocklin (1988), 36 Ohio St.3d 236,522 N.E.2d 1088.
 {¶ 4} Accordingly, we sua sponte dismiss Haynes' petition for a writ of habeas corpus/writ of prohibition. Costs to Haynes. Clerk of the Eighth District Court of Appeals is ordered to serve a copy of this judgment upon all parties as required by Civ.R. 58(B).
Dismissed.
Blackmon, P.J. Concurs.
 Dyke, J., Concurs.