ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel.
 {¶ 2} Plaintiff-appellant Robin Stearns ("Stearns"), administratrix of the estate of Nicole Stearns, appeals the decision of the Cuyahoga County Court of Common Pleas granting summary judgment in favor of defendants-appellees Sharon and Anthony Elam ("the Elams"). Finding error in the proceedings below, we reverse and remand.
 {¶ 3} On December 14, 2001, Nicole Stearns was a passenger in a van that was struck by the Elams' 1996 Ford Econoline van that was being operated by an unknown male. The driver of the Elams' van fled the scene and was not apprehended. Nicole Stearns was killed in the collision.
 {¶ 4} Following an investigation, Famil S. Cooper ("Cooper") was identified as the purported driver of the Elams' van. He is the nephew of Sharon and Anthony Elam.
 {¶ 5} The Elams moved for summary judgment, claiming that their van was taken without their permission by an unknown person. They claim that the last time they saw their van prior to the collision, it was parked in their driveway.
 {¶ 6} Cooper was added as a defendant after his identity became known. He failed to respond to requests for admissions made pursuant to Civ.R. 36. As a result, the unanswered questions were deemed admitted against Cooper. The trial court granted summary judgment in favor of the Elams on the basis that nothing in the record contradicted their assertions that they knew nothing about who took the vehicle they jointly owned and that the "admissions" against Cooper could not be used against them. The trial court denied a motion by Stearns to reconsider the summary judgment motion and subsequently entered a default judgment against Cooper. Stearns now appeals.
 {¶ 7} This court reviews a trial court's grant of summary judgment de novo. Ekstrom v. Cuyahoga Cty. Community College, 150 Ohio App.3d 169,2002-Ohio-6228. Before summary judgment may be granted, a court must determine that "(1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party."State ex rel. Dussell v. Lakewood Police Dept., 99 Ohio St.3d 299, 300-301,2003-Ohio-3652, citing State ex rel. Duganitz v. Ohio Adult ParoleAuth., 77 Ohio St.3d 190, 191, 1996-Ohio-326.
 {¶ 8} The Supreme Court of Ohio has stated, "the owner of a motor vehicle may be held liable to a third person upon the ground of negligence if the owner knowingly, either through actual knowledge or knowledge implied from known facts and circumstances, entrusts its operation to an inexperienced or incompetent operator whose negligent operation results in injury." Gulla v. Straus (1950), 154 Ohio St. 193, paragraph three of the syllabus.
 {¶ 9} Stearns argues that a genuine issue of material fact exists based on the credibility of the Elams' version of events in their deposition testimony and affidavits in support of the motion for summary judgment. Stearns believes only a trier of fact can resolve the issue of conflicting evidence. Nevertheless, Stearns acknowledges that issues of credibility or reconciling ambiguities and conflicts in witness testimony are outside the scope of summary judgment. What is at issue here is whether triable issues of fact are in dispute. We find that they are.
 {¶ 10} Stearns's challenge to the Elams' version of events raises several factual questions. First, Stearns claims the Elams failed to call police when they initially discovered the van was missing, inferring that the Elams knew or suspected who took the van. Second, the suspected driver, Famil Cooper, turned out to be the Elams' nephew, and the Elams knew he had a suspended license, further suggesting that his use of the vehicle involved negligent entrustment or permissive use. Third, Anthony Elam testified in his deposition that he always took the keys out of the car when he parked it at home. Fourth, Anthony Elam began his search for the van at the home where Cooper resided. Fifth, Sharon Elam acknowledged that Cooper called the Elam residence at 5:30 a.m., following the collision, in a highly agitated state and stated, "I heard there was an accident." Mrs. Elam acknowledged Cooper was upset and nervous. These facts, in our view, raise colorable questions regarding the Elams' blanket denials, and the trier of fact could find they create an inference that the use of the car by Cooper was with permission. In effect, these facts are material and are in conflict with the Elams' version of events.
 {¶ 11} Because Stearns has pointed to evidence that creates a genuine issue of fact as to whether Cooper had permission from the Elams to use the van, summary judgment was not appropriate. Finding error in the trial court's grant of summary judgment, we reverse and remand.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellants recover of said appellees costs herein.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J., Concurs;
KENNETH A. ROCCO, J., DISSENTS (SEE SEPARATE DISSENTING OPINION).