JOURNAL ENTRY AND OPINION
{¶ 1} In this accelerated appeal, pro so appellant Evelyn I. Ruffo appeals the trial court's granting of summary judgment in favor of appellee TCC Management, Inc. ("TCC"). She sets forth the following two assigned errors for our review:
 "I. The trial court erred when it granted the plaintiff's motion for summary judgment when there was nothing present in the record to permit the choice of one version of the issue (i.e. whether the defendant is in fact the proper party) from the other."
 "II. When the moving party on Civil Rule 56 motion fails to show that there is no genuine issue to all the material facts that constitute the elements of their claim, the trial court shall not grant the motion." *Page 3 
 {¶ 2} Having reviewed the record and pertinent law, we reverse the decision of the trial court and remand for further proceedings consistent with this opinion. The apposite facts follow.
 Background History {¶ 3} On June 14, 2006, TCC filed a complaint against Ruffo for her nonpayment of a credit card account that originated with Household Bank. TCC purchased the debt and attempted to collect the amount of the balance. The amount requested was a balance of $2,746.90, plus accrued interest in the amount of $1,242.23. Ruffo filed a pro se answer denying the allegations.
 {¶ 4} TCC filed a motion for summary judgment contending Ruffo used the credit card to purchase goods and services, which bound her to the terms and conditions of the credit card holder agreement. Ruffo filed a motion in opposition to the summary judgment and argued she never had a Household Bank credit card. The trial court granted TCC's motion for summary judgment without opinion.
 Motion for Summary Judgment {¶ 5} We will address Ruffo's first and second assigned errors together as they both concern whether the trial court erred in granting summary judgment where credibility was at issue and TCC failed to sustain its burden by establishing facts that show it was entitled to summary judgment. *Page 4 
 {¶ 6} We review an appeal from summary judgment under a de novo standard of review.[1] Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate.[2] Under Civ.R. 56, summary judgment is appropriate when: (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can reach only one conclusion which is adverse to the non-moving party.[3]
 {¶ 7} The moving party carries an initial burden of setting forth specific facts which demonstrate his or her entitlement to summary judgment.[4] If the movant fails to meet this burden, summary judgment is not appropriate; if the movant does meet this burden, summary judgment will be appropriate only if the non-movant fails to establish the existence of a genuine issue of material fact.[5]
 {¶ 8} The only material facts that were before the trial court was whether Ruffo had a Household Bank credit card, which she failed to pay. We agree that a credit card agreement is a legally binding contract which is created upon the *Page 5 
issuance of the credit card and its subsequent use by the cardholder.[6] However, a review of TCC's motion for summary judgment indicates TCC failed to present evidence showing Ruffo was issued a credit card from Household Bank and used the card. The only evidence attached to TCC's motion for summary judgment was an affidavit by a TCC representative stating that Ruffo had such an account and a one page document issued by a debt collecting company indicating the amount to be collected. Ruffo in her motion in opposition to summary judgment submitted an affidavit denying ever having a card with Household Bank.
 {¶ 9} Thus, TCC in an affidavit contended Ruffo had a Household Bank credit card account, while Ruffo in her affidavit contended she did not. On such evidence, the trial court could not resolve the case without determining which party was more credible. When ruling upon a motion for summary judgment, a court does not consider the weight of the evidence or the credibility of the witnesses.[7] Credibility issues must be resolved at trial.[8] By granting summary judgment in favor of TCC, the trial court improperly determined that TCC was more credible than Ruffo. *Page 6 
 {¶ 10} We note that TCC attached to its appellee's brief documents depicting an account summary of Ruffo's use of the credit card (Exhibit "B"), the Bill of Sales regarding the sale of the debt to various companies, concluding with TCC (Exhibit "C"); and, a spreadsheet containing information regarding when Ruffo opened the account and the defaulting balance (Exhibit "D"). We cannot, however, consider these documents because they were not attached to TCC's summary judgment motion. Pursuant to App.R. 12(A), we are confined to reviewing the record as defined by App.R. 9(A). Materials such as those attached to TCC's appellate brief are not part of the record and will not be considered by this court.[9] Therefore, exhibits B, C, and D are stricken from TCC's appellate brief along with any reference to them contained in its appellate brief. Accordingly, Ruffo's first and second assigned errors are sustained.
 {¶ 11} Judgment reversed and remanded for further proceedings consistent with this court's opinion.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. *Page 7 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, P.J., and MARY EILEEN KILBANE, J., CONCUR
[1] Baiko v. Mays (2000), 140 Ohio App.3d 1, citing Smiddy v. TheWedding Party, Inc. (1987), 30 Ohio St.3d 35; Northeast Ohio Apt. Assn.v. Cuyahoga Cty. Bd. of Commrs. (1997), 121 Ohio App.3d 188.
[2] Id. at 192, citing Brown v. Scioto Bd. of Commrs. (1993),87 Ohio App.3d 704.
[3] Temple v. Wean United, Inc. (1997), 50 Ohio St.2d 317, 327.
[4] Dresher v. Burt, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107.
[5] Id. at 293.
[6] Bank One, Columbus NA v. Palmer (1989), 63 Ohio App.3d 491, 493;Calvary SPV I, LLC, 10th Dist. No. 05AP-361,2005-Ohio-6884; Asset Acceptance LLC v. Davis, 5th Dist. No. 2004CA00054, 2004-Ohio-6967.
[7] Santho v. Boy Scouts of America, 168 Ohio App.3d 27,2006-Ohio-3656, at P16; Johnson v. Pohlman,\62 Ohio App.3d 240;2005-Ohio-3554.
[8] Killilea v. Sears, Roebuck Co. (1985), 27 Ohio App.3d 163, 167;Stearns v. Elam, Cuyahoga App. No. 85925, 2005-Ohio-4995; Johnson v.Pohlman, supra.
[9] See Lamar v. Marbury (1982), 69 Ohio St.2d 274, 277; State v.Booher (1988), 54 Ohio App.3d 1, 15; Kosa v. Pruchinsky (1992),82 Ohio App.3d 649, 651; State v. Klempa, 7th Dist. No. 01 BA 63, 2003-Ohio-3482, P11; Goff v. Ameritrust Co., N.A. (May 5, 1994), Cuyahoga App. Nos. 65196, 66016. *Page 1