JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App. R. 11.1 and Loc. R. 11.1, the trial court records, and briefs of counsel.
 {¶ 2} Appellants, Thomas and Melanie Opincar (collectively "the Opincars"), appeal the judgment of the Cuyahoga County Court of Common Pleas that granted summary judgment in favor of appellee, F.J. Spanulo Construction ("Spanulo"). For the reasons stated herein, we affirm.
 {¶ 3} The Opincars hired Spanulo to perform excavation and concrete work for a garage addition on their property. After the garage addition was built, Dominion East Ohio Gas Company informed the Opincars that the garage addition was built over a gas line and that it needed to be removed. The Opincars had to demolish and remove the garage addition.
 {¶ 4} The Opincars filed a complaint against Spanulo on May 4, 2007, raising claims of negligence and breach of contract. Under their negligence claim, the Opincars asserted that Spanulo failed to contact the Ohio Utility Protection Service ("OUPS") prior to beginning excavation. They also alleged that Spanulo continued to perform the excavation and concrete work after receiving actual notice of the presence of the gas line. They claimed they suffered damages as a result of Spanulo's "failure to perform its work in a workmanlike manner by failing to contact OUPS prior to excavation." Under their breach of contract claim, the Opincars generally alleged that Spanulo failed to perform its obligations in a workmanlike manner. *Page 4 
 {¶ 5} The Opincars moved for partial summary on the issue of negligence per se. They argued that Spanulo was negligent per se because, before beginning any excavation process, Spanulo was required, but failed, to contact OUPS to locate an underground utility pursuant to R.C. 3781.25, et seq. They further argued that Spanulo's failure was a breach of contract in that it constituted a failure to perform in a workmanlike manner. Spanulo opposed the motion and filed its own motion for summary judgment asserting that the Opincars, as owners and general contractors, were required to notify OUPS prior to excavation pursuant to R.C. 3781.27 and that the obligation to make sure the garage addition was not placed over an underground utility was that of the Opincars. Spanulo further argued in its own motion that it had no obligation to locate underground utilities and had performed the work required under the contract. The trial court denied the Opincars' motion for partial summary judgment, and granted summary judgment in favor of Spanulo.
 {¶ 6} The Opincars filed this appeal, raising four assignments of error for our review. The Opincars' first assignment of error provides as follows:
 {¶ 7} "I. The trial court erred in dismissing the Opincars' claims for common law negligence and breach of contract where Spanulo only moved for summary judgment on the Opincars' negligence per se claim."
 {¶ 8} It is well settled that "[a] party seeking summary judgment must specifically delineate the basis upon which summary judgment is sought in order to allow the opposing party a meaningful opportunity to respond." Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, syllabus. The Opincars argue that Spanulo's motion for *Page 5 
summary judgment concerned only the OUPS statute and did not address the common law negligence and breach of contract claims. Our review reflects otherwise.
 {¶ 9} The Opincars' complaint set forth claims for negligence and breach of contract. In moving for summary judgment, Spanulo asserted that the Opincars, as the general contractor, had the duty to determine the location of the underground utilities and provide that information to the excavator, that Spanulo had no obligation to locate the underground facilities, that any negligence was that of the Opincars, and that Spanulo had performed its work as required under the contract. Spanulo referenced deposition testimony establishing that Thomas Opincar was listed as the general contractor for the project and that the Opincars had engaged Vayda Architects Inc. to design and prepare the drawings for the garage addition. There was also evidence that the plans submitted by the Opincars to the city of Parma did not show the location of the gas line and that the Opincars did not notify OUPS prior to excavation. Spanulo also referenced the parties' contract and stated the work was performed consistent with the drawings. Our review of Spanulo's motion shows that it moved for summary judgment as to the entire complaint. Accordingly, the Opincars' first assignment of error is overruled.
 {¶ 10} The Opincars' remaining assignments of error provides as follows:
 {¶ 11} "II. The trial court erred in finding the Opincars solely responsible for contacting the Ohio Utilities Protection Service pursuant to R.C. 3781.25 and thereby deciding and allocating fault among the parties, which is an issue properly decided *Page 6 
by the trier of fact."
 {¶ 12} "III. The trial court erred in finding that the Opincars' failure to establish a prima facie case of negligence per se was dispositive of their common law negligence claim, particularly where Spanulo owed nondelegable common law duties separate and apart from any statutory duties."
 {¶ 13} "IV. The trial court erred in finding that the Opincars' failure to establish a prima facie case of negligence per se was dispositive of their breach of contract claim."
 {¶ 14} This court reviews a trial court's grant of summary judgment de novo. Ekstrom v. Cuyahoga Cty. Comm. College, 150 Ohio App.3d 169,2002-Ohio-6228. Before summary judgment may be granted, a court must determine that "(1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." State ex rel. Dussell v. Lakewood Police Dept,99 Ohio St.3d 299, 300-301, 2003-Ohio-3652, citing State ex rel. Duganitz v.Ohio Adult Parole Auth., 77 Ohio St.3d 190, 191, 1996-Ohio-326.
 {¶ 15} The Opincars argue that the negligence per se claim was not dispositive of all claims. The Opincars claim that Spanulo was negligent (at common law) in failing to apprise itself of the location of the gas line prior to performing the work, by assuming the location of the underground utilities, and by continuing to perform work *Page 7 
after learning of the gas line. They also state this resulted in a breach of contract for failure to perform in a workmanlike manner. The Opincars further argue that issues of comparative negligence and comparative fault are for the jury to resolve.
 {¶ 16} In this case, the Opincars contracted with Spanulo to perform excavation work and pour footers for their garage addition. There is no evidence in the record that the work was not performed as required under the contract.
 {¶ 17} Insofar as the Opincars argue that Spanulo should have ascertained the location of the underground utilities prior to excavation, the Opincars fail to cite any authority establishing that Spanulo owed them such a duty.
 {¶ 18} "R.C. 3781.25 et seq. sets forth a statutory scheme to safeguard underground utility facilities in private improvement projects." Ohio Gas Co. v. Blaze Bldg. Corp., Scioto App. No. 01CA2808,2004-Ohio-2881. The statutes impose various duties on developers, designers and excavators with respect to excavation projects. R.C. 3781.27 imposes statutory duties upon the developer and their designer to notify OUPS of the proposed excavation site, include the location of underground utilities on the plans, and provide the information to the excavator before excavation begins. R.C. 3781.28 places notification requirements on the excavator, and R.C. 3781.30 establishes a standard of care for excavators after excavation has begun. The nondelegable duties are imposed by these statutes to avoid damage to underground utilities. GTE North, Inc. v. Carr (1993), 84 Ohio App.3d 776, 779.
 {¶ 19} The above statutes do not create a cause of action for failing to notify *Page 8 
OUPS. GTE Tel. Operations v. J H Reinforcing StructuralErectors, Scioto App. No. 01CA2808, 2002-Ohio-2553. Rather, a party failing to discharge its statutory duty proceeds at its own risk, potentially incurring liability for damage to the utility lines.Illuminating Co. v. Podojil, Geauga App. No. 2007-G-2789,2008-Ohio-1135, citing Northeast Ohio Natural Gas Corp. v. StoutExcavating, 156 Ohio App.3d 144, 2004-Ohio-600.
 {¶ 20} This case does not involve damaged utility lines. Rather, the Opincars seek to impose liability on Spanulo for failing to determine that the garage was being built over a utility line and proceeding with work thereon. In effect, the Opincars seek to avoid their statutory duty as developers, and maintain that they should be able to maintain a common law claim for negligence for Spanulo's failure to ascertain the location of the utility line.
 {¶ 21} To support their common law negligence theory, the Opincars cite MCI Worldcom Network Servs. v. W.M. Brode Co. (N.D. Ohio, 2006),411 F.Supp.2d 804, 809. In that case, the court recognized that "[a]t common law an excavator has a positive duty to inform itself of the location of underground cables not to damage them." Here again, the Opincars' claims are not premised on damage to utility lines. The Opincars fail to cite any authority to support their contention that Spanulo owed them a duty to locate the utility lines prior to commencing the contracted work.
 {¶ 22} In this case, Spanulo did not select the location of the garage and did *Page 9 
not design the project. It performed work for the Opincars pursuant to a contract. There is no evidence that Spanulo failed to perform the work as required under the contract, that the contracted work was done negligently, or that the work was performed in an unworkmanlike manner. Accordingly, we find that the trial court properly granted Spanulo's motion for summary judgment. The Opincars' second, third, and fourth assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover from appellants costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 COLLEEN CONWAY COONEY, P.J., and MELODY J. STEWART, J., CONCUR. *Page 1