[Cite as *Moore v. Behringer Harvard 600 Superior L.P.*, 2011-Ohio-6652.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No.   96926

---

## SHARON MOORE

PLAINTIFF-APPELLANT

vs.

## BEHRINGER HARVARD 600 SUPERIOR LP, ET AL.

DEFENDANTS-APPELLEES

---

### JUDGMENT:
### AFFIRMED

---

Civil Appeal from the
Cuyahoga County Common Pleas Court
Case No.   CV-737858

**BEFORE:**    Boyle, P.J., S. Gallagher, J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:**    December 22, 2011

**ATTORNEYS FOR APPELLANT**

Michael J. O'Shea
Ronald A. Annotico
O'Shea & Associates Co., LPA
Beachcliff Market Square
19300 Detroit Road, Suite 202
Rocky River, Ohio    44116

**ATTORNEY FOR APPELLEES**

Robert P.    Lynch
Park Center Plaza II
Suite 450
6150 Oak Tree Boulevard
Independence, Ohio    44131

MARY J. BOYLE, P.J.:

**{¶ 1}**  Plaintiff-appellant, Sharon Moore, appeals the trial court's decision granting summary judgment on her negligence claim in favor of defendant-appellee, Behringer Harvard 600 Superior LP ("Behringer Harvard").  She raises a single assignment of error:

**{¶ 2}**  "The trial court erred in granting appellee's motion for summary judgment as there exists issues of material fact."

**{¶ 3}**  We affirm.

<u>Procedural History and Facts</u>

**{¶ 4}** On August 14, 2007, Moore fell upon entering an elevator in the parking garage located at the Fifth Third Center, owned and operated by Behringer Harvard. Moore alleges that her foot got caught on the edge of the elevator floor upon entering because the elevator floor was not level with the entrance floor. As a result of the misleveling, Moore fell and injured her arm.

**{¶ 5}** Moore subsequently filed suit against Behringer Harvard and Otis Elevator Company ("Otis"), asserting negligence claims against both defendants. Otis is the exclusive maintenance provider for the elevators pursuant to a service agreement with Behringer Harvard. Otis was subsequently dismissed with prejudice from the case on November 23, 2010.

**{¶ 6}** Behringer Harvard moved for summary judgment, arguing that it was entitled to judgment as a matter of law because it did not have any notice of the elevator misleveling. In support of its motion, Behringer Harvard attached, among other things, the affidavit of Richard Myers, regional field engineer for Otis. According to Myers's affidavit, he is an expert in elevator maintenance and service and had reviewed Otis' maintenance records concerning the elevator at issue ("Elevator No. G2"). Based on his review, Myers stated that, in the 12 months preceding the accident on August 14, 2007, trained and qualified Otis mechanics performed regularly scheduled maintenance examinations of Elevator No. G2 pursuant to the maintenance agreement and that none of the examinations during this time frame revealed any maintenance problems with the

elevator's leveling devices. Myers further averred that "Otis did not receive notice of any maintenance problems with these components, nor were there any service calls or requests related to them during this time."

{¶ 7} Moore opposed the motion, arguing that Behringer Harvard's general knowledge of "multiple mechanical problems with these elevators despite regular maintenance and service is sufficient to put [Behringer Harvard] on notice that the elevators present a danger to its passengers and some sort of warning was required." In support of its brief in opposition, Moore cited to the deposition testimony and affidavit of Diana Lis, general manager of the Fifth Third Center for Behringer Harvard, for the proposition that the elevators had experienced some mechanical problems in the past. Moore further relied on her husband's deposition testimony, who testified that, prior to Moore's fall, "[t]here were times when the [garage] elevators would be down, one of 'em or both of them."

{¶ 8} The trial court granted Behringer Harvard's motion for summary judgment, finding that Moore "failed to provide any direct evidence that the garage elevators, under the control of defendant Behringer Harvard, presented a dangerous condition ('elevator leveling') that defendant knew existed or should have known existed."

{¶ 9} From this order, Moore appeals.

## Standard of Review

{¶ 10} We review an appeal from summary judgment under a de novo standard. *Baiko v. Mays* (2000), 140 Ohio App.3d 1, 10, 746 N.E.2d 618. Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate. *N.E. Ohio Apt. Assn. v. Cuyahoga Cty. Bd. of Commrs.* (1997), 121 Ohio App.3d 188, 192, 699 N.E.2d 534.

{¶ 11} Civ.R. 56(C) provides that before summary judgment may be granted, a court must determine that "(1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." *State ex rel. Duganitz v. Ohio Adult Parole Auth.*, 77 Ohio St.3d 190, 191, 1996-Ohio-326, 672 N.E.2d 654.

{¶ 12} The moving party carries an initial burden of setting forth specific facts that demonstrate his or her entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107, 662 N.E.2d 264. If the movant fails to meet this burden, summary judgment is not appropriate, but if the movant does meet this burden, summary judgment will be appropriate only if the nonmovant fails to establish the existence of a genuine issue of material fact. Id. at 293.

## Duty to Warn

{¶ 13} In her single assignment of error, Moore argues that a genuine issue of fact exists regarding whether Behringer Harvard should have warned her of the dangerous condition associated with the elevator. She contends that Behringer Harvard's general knowledge of problems associated with all of the elevators was sufficient to put them on notice and require them to warn passengers. We find Moore's argument unpersuasive.

{¶ 14} In this case, it is undisputed that Behringer Harvard, as a common carrier, owed Moore the highest degree of care to provide a reasonably safe passage consistent with the practical operation of its business. "A passenger elevator is classified as a common carrier so that the duty owed to the passengers is to exercise the highest degree of care of which the situation is reasonably susceptible." *Norman v. Thomas Emery's Sons, Inc.* (1966), 7 Ohio App.2d 41, 43, 218 N.E.2d 344. A common carrier's duty of the highest degree of care includes warning passengers about dangerous conditions that the carrier knows or should know exist. *Conver. v. EKH Co.*, 10th Dist. No. 02AP-1307, 2003-Ohio-5033, ¶33.

{¶ 15} Here, Behringer Harvard moved for summary judgment and presented reliable, credible evidence that it did not have any knowledge of any mis-leveling problems in the 12 months preceding Moore's fall. It further presented expert testimony verifying that Behringer Harvard regularly maintained the elevators and that there were never any signs of a misleveling malfunction with Elevator No. G2. Moore failed to rebut this evidence.

{¶ 16} We find this court's analysis in *Hodges v. Gates Mills Towers Apt. Co.* (Sept. 28, 2000), 8th Dist. No. 77278, to be analogous to the instant case. In *Hodges*, the plaintiff alleged that the elevator misleveled, causing her to fall and sustain injuries. She subsequently filed suit against the owner and operator of the elevator, who then moved for summary judgment on the grounds that it had no actual or constructive notice of any misleveling problems associated with the elevator. The trial court granted defendant's motion for summary judgment and this court affirmed, noting that plaintiff failed to rebut defendant's evidence and demonstrate that defendant "had actual or constructive notice of the mis-leveling problem." Id.

{¶ 17} This is the exact scenario in this case. Moore has simply failed to rebut Behringer Harvard's evidence that it had neither actual nor constructive notice of a misleveling problem.

{¶ 18} Moore argues, however, that knowledge of any known malfunction with the elevator in the past, such as a light out on a panel, a door not closing properly, or an elevator stopping at a different floor, is sufficient to create a genuine issue of material fact to preclude summary judgment. We disagree. Moore's argument ignores the basic fact that none of those alleged malfunctions occurred in this case giving rise to her claim. And the mere fact that these malfunctions occurred in the past is insufficient to establish that Behringer Harvard should have known of a possible misleveling problem with Elevator No. G2. Indeed, Moore failed to present any evidence to support this

claim. Instead, Moore's argument essentially seeks to impose strict liability on Behringer Harvard because she was injured while using the elevator. This proposition, however, is not supported under the law.

{¶ 19} Accordingly, the sole assignment of error is overruled.

Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MARY J. BOYLE, PRESIDING JUDGE

SEAN C.   GALLAGHER, J., and
EILEEN A.   GALLAGHER, J., CONCUR