OPINION
{¶ 1} This is an appeal by plaintiff-appellant, Dorothy Stuller, from a judgment of the Franklin County Court of Common Pleas, granting summary judgment in favor of defendant-appellee, Phillip D. Price, M.D., and granting appellee's motion for sanctions.
 {¶ 2} On March 19, 2002, appellant filed a complaint against appellee, asserting a claim for loss of consortium based upon alleged medical malpractice on the part of appellee in treating appellant's husband, Richard A. Stuller. On April 16, 2002, appellee filed a motion to dismiss or, in the alternative, motion for summary judgment. Appellee also filed a motion for sanctions, arguing in the accompanying memorandum that he had been forced to defend appellant's claim for loss of consortium in three separate actions, and that appellant's claim in the instant case was barred by the doctrines of res judicata and collateral estoppel, and by the applicable statute of limitations.
 {¶ 3} On September 12, 2002, the trial court rendered a decision granting summary judgment in favor of appellee, and the court set the matter for hearing on the issue of sanctions. On September 20, 2002, appellant filed a "motion to strike" the trial court's September 12, 2002 decision granting summary judgment in favor of appellee. In the accompanying memorandum, appellant asserted that the trial court had converted a motion to dismiss into one for summary judgment without proper notice. By journal entry, the court set a hearing date on appellant's motion to strike. On November 4, 2002, appellant filed a motion for leave to file an amended complaint, seeking to add her two children as additional plaintiffs. On November 7, 2002, the trial court conducted a hearing on the motion for sanctions.
 {¶ 4} On December 13, 2002, the trial court filed an entry granting summary judgment in favor of appellee, and granting sanctions against counsel for appellant in the amount of $10,744.75. Also on that date, the trial court rendered a decision denying appellant's motion to strike, and appellant's motion for leave to amend.
 {¶ 5} On December 27, 2002, appellant filed a motion for reconsideration of the trial court's December 13, 2002 decision and entry granting summary judgment and sanctions in favor of appellee. On January 8, 2003, the trial court filed a nunc pro tunc entry granting summary judgment in favor of appellee, and granting sanctions against counsel for appellant in the amount of $10,744.75.
 {¶ 6} On appeal, appellant sets forth the following six assignments of error for review:
ASSIGNMENT OF ERROR #1
The trial court erred in it's December 13, 2002 decision as a loss of consortium claim is not derivative and therefore is not subject to an earlier adjudication, therefore summary judgment based upon res judicata
was improper and furthermore the award of sanctions would also be improper.
ASSIGNMENT OF ERROR #2
The trial court erred in it's December 13, 2002 decision as appellant's claim is not barred by the applicable statute of limitations and therefore is timely and a separate and distinct action not in violation of res judicata therefore a granting of summary judgment on the grounds of res judicata is improper and furthermore the award of sanctions would also be improper.
ASSIGNMENT OF ERROR #3
The trial court erred in it's December 13, 2002 decision as there are genuine material issues of fact in dispute therefore a granting of summary is improper, furthermore an award of sanctions is also improper.
Assignment of error #4
The trial court erred in it's December 13, 2002 decision as Appellee Price is not entitled to damages because no finding can be made of frivolous conduct by appellant's counsel under R.C. 2323.51 or Civil Rule 11, therefore any award of damages are improper.
Assignment of error #5
Assuming arguendo that the appellants should be sanctioned, the amount is not reasonable, therefore the amount of sanctions is improper.
Assignment of error #6
The trial court erred in it's December 13, 2002 decision as the Appellant should have been allowed to amend her complaint instanter as Ohio law supports such amendment, no discovery had begun, and the amendment was made in good faith.
 {¶ 7} At the outset, we note that appellant has filed a "notice of partial voluntary dismissal," informing this court that she is dismissing her first, second, third and sixth assignments of error. Accordingly, we confine our review to appellant's fourth and fifth assignments of error, which are interrelated and will be discussed together. Under her fourth assignment of error, appellant contends that the trial court erred in awarding damages based upon a finding of frivolous conduct. Appellant argues alternatively, under the fifth assignment of error, that even if sanctions were warranted, the trial court erred in the amount of sanctions awarded.
 {¶ 8} As noted, in appellee's motion to dismiss, appellee argued that the current action by appellant involved the third suit in which appellee had been forced to defend appellant's claim for loss of consortium. Before addressing the trial court's award of sanctions, we note the following procedural history leading to the filing of appellant's action in the present case.
 {¶ 9} In June of 1999, appellant and her husband filed a complaint, alleging medical malpractice by appellee in the treatment of appellant's husband, including a claim by appellant for loss of consortium. See Stuller v. Price (Sept. 20, 2001), Franklin App. No. 00AP-1355 ("Stuller I"). On July 21, 2000, appellee filed a motion for summary judgment, contending that appellants had "failed to identify, within the time frame provided by the trial court's scheduling order, an expert witness to opine that appellee's treatment fell below the standard of care." Id. The trial court granted appellee's motion for summary judgment, and appellants appealed to this court. In Stuller I, this court affirmed the trial court's granting of summary judgment in favor of appellee, holding that appellants "provided no admissible evidence that appellee did not comply with the standard of care," and that "no genuine issue of material fact existed that precluded summary judgment for appellee." Id.
 {¶ 10} Fifteen days after this court affirmed the judgment of the trial court, appellant and her husband refiled their complaint against appellee, stating in the complaint that it was being refiled pursuant to R.C. 2305.19. See Stuller v. Price, Franklin App. No. 02AP-29, 2003-Ohio-583, at ¶ 8 ("Stuller II"). Appellee filed a motion to dismiss the refiled complaint, asserting that the doctrine of res judicata precluded appellants from re-litigating the claims and issues decided by the court in the prior appeal. Id. at ¶ 9. Appellee further argued that the savings statute, R.C. 2305.19, did not apply because the prior action had been decided on the merits. Id. The trial court subsequently sustained appellee's motion and dismissed appellants' refiled complaint, finding that R.C. 2305.19 does not permit the refiling of a complaint in which a judgment has been rendered on the merits. Id.
 {¶ 11} After filing their new complaint, appellants also filed, in the original case, a motion for relief from summary judgment under Civ.R. 60(B). Id. at ¶ 10. The trial court denied appellants' motion for relief from judgment, finding no "`basis to vacate its decision granting summary judgment in favor of Defendant Price in light of the fact that the Court of Appeals has affirmed the decision and the Plaintiffs did not timely move for relief from judgment pursuant to Civ.R. 60(B).'" Id. at ¶ 11.
 {¶ 12} In Stuller II, appellants appealed from the trial court's judgment dismissing their refiled complaint, as well as from the court's judgment denying appellants' motion for relief from judgment. One of appellants' arguments on appeal was that the summary judgment previously granted by the trial court and affirmed by this court in Stuller I was not a decision on the merits. This court rejected appellants' argument, holding that "[n]o genuine issue of material fact remained to be litigated because in the absence of an appropriate affidavit of Dr. Jacoby, and the absence of other evidence to rebut evidence submitted by appellee, reasonable minds could come to but one conclusion as to the treating physician's alleged negligence." Stuller II, supra, at ¶ 20. This court concluded that the decision in the original case was on the merits, and thus the trial court "correctly held that the savings statute, R.C. 2305.19, does not apply so as to allow the refiling of an action previously dismissed on that basis." Id. at ¶ 23. Finally, this court found that the trial court did not abuse its discretion in denying appellants' motion for relief from judgment.
 {¶ 13} As noted, in the present case, appellee sought sanctions against appellant pursuant to Civ.R. 11 and R.C. 2323.05. In asserting that appellant's suit was frivolous, appellee argued that appellant's claim for loss of consortium was barred under the doctrine of res judicata because it was derivative of her husband's medical malpractice action. Appellee also asserted that appellant's claim was barred by the applicable statute of limitations.
 {¶ 14} In Sain v. Roo (Oct. 23, 2001), Franklin App. No. 01AP-360, this court discussed the circumstances under which a court may grant an award of sanctions under R.C. 2323.51, as well as the applicable standard of review, stating as follows:
R.C. 2323.51 provides that a court may award court costs, reasonable attorney fees, and other reasonable expenses incurred in connection with the civil action or appeal to any party to the civil action or appeal who was adversely affected by frivolous conduct." Frivolous conduct," as defined in R.C. 2323.51(A)(2)(a)(ii), includes conduct that is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law. As we found in Wiltberger v. Davis (1996), 110 Ohio App.3d 46, no single standard of review applies in R.C. 2323.51 cases, and the inquiry necessarily must be one of mixed questions of law and fact. A determination that conduct is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law requires a legal analysis. Lable Co. v.Flowers (1995), 104 Ohio App.3d 227, 233. With respect to purely legal issues, we follow a de novo standard of review and need not defer to the judgment of the trial court. Wiltberger, supra, at 51-52. Where a trial court has found the existence of frivolous conduct, the decision to assess or not to assess a penalty lies within the sound discretion of the trial court. Id. at 52. Further, R.C. 2323.51 employs an objective standard in determining whether sanctions may be imposed against either counsel or a party for frivolous conduct. Stone v. House of Day FuneralServ., Inc. (2000), 140 Ohio App.3d 713.
 {¶ 15} In the trial court's December 13, 2002 entry granting sanctions, the court determined that there was "no indication that the filing of this suit was intended for the mere purpose to harass or maliciously injure the defendant." The court found, however, that the suit was not warranted under existing law. Specifically, the court held in relevant part:
In 2002, plaintiff has filed this action, her separate action for loss of consortium. Despite counsels' claims to the contrary in her memo of September 20, 2002, counsel have admitted repeatedly that this is the same claim for the same loss of consortium [as brought in the 1999 case], but because counsel claim that plaintiff has the right to bring a separate action for a loss of consortium claim which has a four-year statute of limitations (see Perry v. Eagle Picher Industries, Inc.
(1990), 52 Ohio St.3d 168) plaintiff's counsel somehow make the leap in logic that the earlier summary judgment in the 1999 case does not bar the filing of this separate action. That separate 4-year statute of limitations and the ruling in cases like Perry do not address in any way the doctrine of res judicata, and they do not stand for the proposition that a spouse who loses her case on the merits once as a derivative action attached to her husband's underlying negligence claim can file a new action as a separate action within the four-year statute of limitations applicable to the spouse's consortium claim.
Such an action cannot be supported by any good faith argument for an extension, modification or reversal of existing law.
 {¶ 16} On appeal, appellant argues that a good-faith claim can be made as to the extension or modification of existing law, based upon her contention that she has never had her prior action decided on the merits. Specifically, appellant asserts that, where the trial court's decision to grant summary judgment was made on an inadvertent omission and defect of an affidavit, such decision was not on the merits.
 {¶ 17} In response, appellee argues that, in the instant case, as in the two previously filed cases, appellant has asserted the same claims arising from the same alleged medical malpractice, and that appellant's third suit was barred by the doctrine of res judicata. We agree.
 {¶ 18} Under the doctrine of res judicata, "a subsequent action is barred if the following elements are demonstrated: `(1) a final judgment or decree rendered on the merits by a court of competent jurisdiction; (2) concerning the same claim or cause of action as that now asserted; (3) between the same parties as are in the current action or their "privies."' "Kirkhart v. Keiper, Portage App. No. 2001-P-0069, 2002-Ohio-6472, at ¶ 14, quoting United States v. LTV Steel Co.,Inc. (N.D.Ohio 2000), 118 F. Supp.2d 827, 835-836.
 {¶ 19} Contrary to appellant's contention, the trial court's prior grant of summary judgment in favor of appellee was an adjudication on the merits of those claims. As stated under the facts, appellant's contention that she has never had her previous action adjudicated on the merits was addressed and rejected by this court in Stuller II, supra, at ¶ 23 (holding that the decision in appellant's first action "was on the merits"). In this regard, under Ohio law, "a summary judgment based other than on lack of jurisdiction or failure to join a party under Rule 19 or 19.1 constitutes a judgment on the merits." Bishop v. Miller (Mar. 26, 1998), Defiance App. No. 4-97-30. Accordingly, "[s]ummary judgment terminates a party's action on the merits and a subsequent filing of an action decided on summary judgment is prohibited by the doctrine of resjudicata." A-1 Nursing Care of Cleveland, Inc. v. Florence NightingaleNursing, Inc. (1994), 97 Ohio App.3d 623, 627.
 {¶ 20} As also noted above, in appellant's original action, the trial court granted appellee's motion for summary judgment, and this court affirmed, holding that appellant and her husband, in asserting a claim for medical malpractice, had failed to present evidence that appellee did not comply with the applicable standard of care. In the instant case, appellant is attempting to reassert the same claim for loss of consortium, arising from the same underlying factual predicate, as previously asserted by appellant in the prior two actions against appellee. Further, appellant's claim for loss of consortium was dependent upon alleged medical malpractice by appellee against appellant's spouse and, being derivative in nature, such claim either stood or fell with the primary claim for malpractice. See Schlachet v. Cleveland Clinic Found.
(1995), 104 Ohio App.3d 160, 169 (plaintiffs' failure to demonstrate actionable medical malpractice precludes recovery under claim for loss of consortium). Thus, the present lawsuit and the prior two actions involve the same claims, for purposes of res judicata, and additionally, the trial court's grant of summary judgment rendered in the original action was a judgment on the merits of those claims.
 {¶ 21} In prior cases of this court, sanctions have been awarded where a party ignores or fails to investigate the doctrine of res judicata. See Sain, supra ("filing of appellants' 1998 action was so clearly barred by res judicata that appellants had no objective basis to believe it was not so barred"); Streb v. AMF Bowling Centers, Inc. (May 4, 2000), Franklin App. No. 99AP-633 (since appellant's claim was barred by res judicata, refiling the claim met the definition of "frivolous conduct" under R.C. 2323.51[A][2][a][ii]). In the present case, we conclude that, had appellant's attorneys undertaken a reasonable inquiry as to the applicable law, they should have determined that appellant's claims were clearly barred by the doctrine of res judicata. Accordingly, we find no abuse of discretion by the trial court in its decision granting appellee's motion for sanctions.
 {¶ 22} The remaining inquiry is whether the amount of sanctions awarded by the trial court was proper. In ordering monetary sanctions under R.C. 2323.51, the amount of an award made by the court that represents reasonable attorney fees "shall not exceed, and may be equal to or less than * * * the attorney's fees that were reasonably incurred by a party." R.C. 2323.51(B)(3)(b). Pursuant to R.C. 2323.51(B)(5)(a)(ii), a party seeking attorney fees is permitted to submit to the court an itemized list or other evidence of the legal services rendered, the time expended in rendering the services, and the attorney fees associated with those services.
 {¶ 23} In the present case, while the trial court conducted a hearing on the motion for sanctions, appellant has not provided this court with a transcript of those proceedings. In the absence of such a transcript, this court cannot review the propriety of the court's decision regarding the reasonableness of fees. Dawson v. Rockenfelder
(Feb. 9, 1998), Stark App. No. 1997CA00280. Rather, "[w]hen portions of the transcript necessary to resolve issues are not part of the record, the Court of Appeals must presume regularity in the proceedings below and affirm." Id., citing Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197.
 {¶ 24} In appellant's reply brief, appellant maintains that she is not arguing matters related to the hearing on sanctions, but "rather the attitude by the trial court towards the Appellant's counsel in its language of its written decision." Appellant apparently takes issue with language in the trial court's decision noting that counsel for appellant had misstated facts and law, treated lawyers with disrespect, and cast aspersions upon the trial judge who granted the initial summary judgment in favor of appellee. While the comments of the trial court may reflect frustration with counsel, we discern nothing from the language of the decision that demonstrates hostility or ill will on the part of the court. The basis for the trial court's determination to impose sanctions is clear, and we do not find that the language referenced by appellant establishes that the trial court erred either as to the award or the amount of sanctions.
 {¶ 25} Appellant also challenges the veracity of an itemized fee schedule and affidavit submitted by appellee in support of the motion for sanctions. Specifically, appellant first notes that the fee schedule contains a notation indicating counsel for appellee's receipt and review of a "Notice of Appearance" of appellant's counsel on March 31, 2002. Appellant argues that the date listed is a Sunday, and appellant contends that it is "disingenuous" that counsel would receive and review this item on a Sunday. Even assuming it would be disingenuous for an attorney to aver that he or she reviewed work on a Sunday, we agree with appellee that any challenge to this representation should have been made at the hearing on sanctions. Whether such a challenge was made, however, is not part of this record because of the failure of appellant to provide a transcript.
 {¶ 26} Appellant also contends that the affidavit of appellee's attorney contains false statements. Appellant cites to the fact that the affidavit refers to attorneys "Leigh-Ann McCormick" and "Nicole Sims." This purported false statement appears to have been merely an inadvertent scrivener's mistake in the affidavit, whereby the first names of appellant's counsel were transposed. While we find appellant's contention to be feckless, we again note that, if appellant believed the affidavit contained false statements, that challenge could have been raised at the sanctions hearing and preserved for review by either the filing of a transcript or other form of record as permitted by App.R. 9.
 {¶ 27} Accordingly, appellant's fourth and fifth assignments of error are without merit and are overruled.
 {¶ 28} Finally, appellee has filed with this court a motion for sanctions pursuant to App.R. 23, asserting that appellant has pursued a frivolous appeal. A frivolous appeal, under App.R. 23, "`is essentially one which presents no reasonable question for review.'" Frowine v.Hubbard (Feb. 15, 2000), Franklin App. No. 99AP-496, quoting Talbott v.Fountas (1984), 16 Ohio App.3d 226. Further, the purpose of sanctions under App.R. 23 is to compensate the non-appealing party for the expense of having to defend a spurious appeal, and to help preserve the appellate calendar for cases truly worthy of consideration. Frowine, supra, citingTessler v. Ayer (1995), 108 Ohio App.3d 47, 58.
 {¶ 29} In the present case, we find that appellant's arguments, as asserted in assignments of error four and five, challenging the trial court's award of sanctions, present reasonable questions for review. However, appellant's remaining four assignments of error, to which appellee responded in his appellate brief prior to appellant's notice of withdrawal of those arguments, include assertions that a loss of consortium claim is not derivative, that appellant's claim for loss of consortium was not barred by the doctrine of res judicata, and that the grant of summary judgment in the original action was not a judgment on the merits. Upon consideration, we find that, as to the assignments of error not related to the trial court's decision to award sanctions, the appeal was frivolous. Accordingly, appellee shall be afforded ten days, from journalization of this court's judgment, to file a statement of fees and costs. Appellant may file a memorandum contra, not later than ten days after service of appellee's filing of the statement. The matter of fees and costs thereafter will be submitted to the court without oral argument.
 {¶ 30} Based upon the foregoing, appellee's motion for sanctions is granted, appellant's fourth and fifth assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Motion for sanctions granted; Judgment affirmed.
Bowman and Klatt, JJ., concur.