DECISION
{¶ 1} Plaintiff-appellant, Theodore A. Kellogg, appeals from a judgment of the Franklin County Court of Common Pleas awarding defendant-appellee, Stephen W. Daulton ("Daulton"), attorney fees for frivolous conduct pursuant to Civ.R. 11 and R.C. 2323.51. In addition, pursuant to App.R. 23, Daulton filed a motion for sanctions against plaintiff arising out of the present appeal. Because plaintiff's lawsuit against Daulton was frivolous, the trial court did not err in awarding reasonable attorney fees as sanctions; because plaintiff's appeal seeking review of the imposed sanctions is not frivolous, we deny Daulton's motion.
 {¶ 2} In the underlying divorce action between plaintiff and his former spouse, Daulton acted as the guardian ad litem for plaintiff's minor son. At no time did Daulton represent plaintiff or otherwise act as plaintiff's attorney; plaintiff's own counsel represented plaintiff. As a result of the divorce action, plaintiff's former spouse was granted sole custody of their son, and plaintiff was permitted visitation. The judgment was affirmed on appeal in Kellogg v. Kellogg, Franklin App. No. 04AP-382,2004-Ohio-7202.
 {¶ 3} On October 21, 2004, plaintiff filed a complaint against Daulton asserting legal malpractice, racketeering, and fraud. Although the trial court ultimately struck it, plaintiff filed a second complaint on December 27, 2004, alleging obstruction of justice, a violation of the Racketeer Influenced 
Corrupt Organizations Act, and various unspecified crimes and illegal activity. Following Daulton's January 11, 2005 request to plaintiff for the production of documents supporting his claims, Daulton on June 8, 2005 filed a motion for summary judgment. After plaintiff filed a memorandum in opposition to Daulton's motion, the trial court ordered a scheduling status conference that took place on September 9, 2005. On September 15, 2005, plaintiff voluntarily dismissed his action against Daulton pursuant to Civ.R. 41(A).
 {¶ 4} Due to the contents of plaintiff's "memorandum" to dismiss his action, the court journalized the September 9, 2005 status conference. According to the court's entry, the court informed plaintiff at the status conference that he was to both produce documents and file a response to Daulton's motion for summary judgment within seven days, at which time the court would rule on the pending motions. Although recognizing plaintiff's right to represent himself, the trial court advised plaintiff to seek counsel, as the court felt that Daulton's motion for summary judgment had merit. "The plaintiff was also advised that he could voluntarily dismiss the case pursuant to Civ.R. 41(A) and hire counsel to proceed. The plaintiff informed the Court of his difficulties in finding an attorney to represent him on this matter. The Court informed the plaintiff that it could not recommend a particular counsel, but that he could contact the local bar association to assist him with his search." (Oct. 3, 2005, Journal Entry, 1-2.)
 {¶ 5} On September 26, 2005, Daulton filed a motion for sanctions pursuant to Civ.R. 11 and R.C. 2323.51, alleging that plaintiff engaged in frivolous conduct in filing an action against Daulton. The trial court conducted an evidentiary hearing on Daulton's motion and on January 20, 2006 awarded Daulton $6,000 in attorney fees. The trial court found that plaintiff's legal malpractice claim failed as a matter of law because plaintiff and Daulton never established an attorney-client relationship. The trial court further determined that plaintiff did not fully investigate whether he had a viable claim against Daulton for legal malpractice based on Daulton's role as guardian ad litem for plaintiff's son. The trial court, in the end, concluded "[p]laintiff's complaint has no basis in law, and simple inquiries on the part of the Plaintiff would have revealed as much. The Plaintiff chose not to hire counsel and not to do the most cursory of investigation into his purported claim prior to filing and maintaining this action." (Jan. 20, 2005 Order, 1-2.) Premised on those determinations, the court concluded "the Defendant is entitled to reasonable attorneys fees and costs pursuant to Civ.R. 11 and R.C. 2323.51(A)(2)(ii)." Id. at 2.
 {¶ 6} Plaintiff appeals, assigning the following errors:
[I.] Appellee never provided references where anyone, including the Appellee in this action, is permitted by law to fix the outcome of a trial.
[II.] Appellee provided incorrect cost information to hearing judge.
[III.] Hearing Judge made clear what his actions would be on September 9, 2005 if Appellant did not withdraw his case. Then, hearing Judge acted differently when Appellant withdrew his action.
[IV.] Hearing judge was biased and prejudice [sic] against Appellant before, during, and after the January 13, 2006 hearing.
[V.] Court did not consider the mind of the Appellant even though the information was provided at the hearing.
[VI.] Court referenced Appellant [sic] actions incorrectly.
[VII.] Appellee provided false information to the Court and it was so noted at hearing.
 {¶ 7} In the first assignment of error, plaintiff claims Daulton did not provide references to plaintiff where a trial may be fixed as to its outcome. Plaintiff's argument in support of his assigned error is difficult to construe, as it consists of one sentence and is virtually the same as the assignment of error itself.
 {¶ 8} Under Ohio law, a guardian ad litem enjoys absolute immunity from actions arising out of his or her services in that role. Dolan v. Kronenberg (July 22, 1999) Franklin App. No. 76054; Pisani v. Pisani (Dec. 11, 1997), Cuyahoga App. No. 72136; Penn v. McMonagle (1990), 60 Ohio App.3d 149. Daulton thus is immune from suit in his function as guardian ad litem for plaintiff's son. If the record contained evidence to support plaintiff's assertion that Daulton fixed the outcome of the underlying divorce action, plaintiff's contentions would be considerably more persuasive in arguing that Daulton acted outside the scope of his role as guardian ad litem. The record, however, contains no evidence even remotely suggesting Daulton attempted to fix, much less fixed, the outcome of plaintiff's divorce action in the allocation of parental rights and responsibilities. As a result, the trial court properly concluded plaintiff's complaint lacked merit.
 {¶ 9} Indeed, the policy reasons underlying the immunity granted to a guardian ad litem are apparent. A guardian ad litem must act in the best interests of the child; such a position places him or her squarely within the judicial process to accomplish that goal. Id., quoting Kurzawa v. Mueller (C.A.6, 1984), 732 F.2d 1456. Without immunity, the possibility of later harassment and intimidation from dissatisfied parents would severely hamper a guardian ad litem's ability to function appropriately in representing the best interest of his or her ward. Id.
 {¶ 10} Finally, plaintiff admitted he never had an attorney-client relationship with Daulton and never hired Daulton in any capacity. Because plaintiff failed to establish an attorney-client relationship between himself and Daulton, plaintiff's legal malpractice claim is without merit. Vahila v.Hall (1997), 77 Ohio St.3d 421. Plaintiff thus cannot maintain any of his asserted claims against Daulton. Plaintiff's first assignment of error is overruled.
 {¶ 11} Plaintiff's second assignment of error claims Daulton provided incorrect cost information to the trial court. Because plaintiff failed to object to the admission of exhibits reflecting attorney fees Daulton paid to defend plaintiff's action, plaintiff waived that issue on appeal. In re Estate ofPallay, Washington App. No. 05CA45, 2006-Ohio-3528. Although plaintiff may have been unaware of the need to object, Ohio law holds a pro se litigant to the same standards that apply to a licensed attorney. Justice v. Lutheran Social Servs. (Apr. 8, 1993), Franklin App. No. 92AP-1153. Even if, however, we examine the trial court's award, recognizing that the award need only be proper under either R.C. 2323.51 or Civ.R. 11, plaintiff's contentions fail.
 {¶ 12} Pursuant to R.C. 2323.51(B)(1), a "court may award court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with a civil action or appeal to any party to the civil action or appeal who was adversely affected by frivolous conduct." Frivolous conduct is defined as conduct that (1) obviously serves merely to harass or maliciously injure another party to the civil action or (2) is not warranted under existing law and cannot be supported by a good-faith argument for an extension, modification, or reversal of existing law. R.C. 2323.51(A)(2)(a).
 {¶ 13} No single standard of review applies in R.C. 2323.51
cases; the inquiry is one of mixed questions of law and fact. "A determination that conduct is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law requires a legal analysis." Stuller v. Price, Franklin App. No. 03AP-30,2003-Ohio-6826, at ¶ 14, citing Wiltberger v. Davis (1996),110 Ohio App.3d 46. Purely legal questions are subject to de novo review. Stuller, supra. Review of a trial court's factual determinations, however, involves some degree of deference, and we will not disturb a trial court's findings of fact where the record contains competent, credible evidence to support such findings. Wiltberger, supra. Finally, "[w]here a trial court has found the existence of frivolous conduct, the decision to assess or not to assess a penalty lies within the sound discretion of the trial court." Stuller, supra.
 {¶ 14} Here, the trial court awarded attorney fees under R.C.2323.51(A)(2)(a)(ii), finding that plaintiff's action against Daulton was not warranted under existing law and was not supported by a good-faith argument for an extension, modification, or reversal of existing law. Ohio law is clear: a guardian ad litem enjoys absolute immunity for services provided in that role. Because plaintiff presented no evidence that Daulton's actions, complained of in plaintiff's complaint, were other than in the performance of services as guardian ad litem, plaintiff's multiple claims against Daulton were not warranted under existing law. Further, because a guardian ad litem's duties would be severely curtailed if he or she could be sued, plaintiff's claims cannot be supported by a good-faith argument for an extension, modification, or reversal of existing law. SeeKurzawa, supra.
 {¶ 15} Minimal legal research into the matter prior to commencing an action against Daulton would have revealed to plaintiff that a lawsuit against Daulton was legally baseless. Instead, plaintiff's investigation prior to filing the action against Daulton consisted of going through "the court documents, things like that, and records." (Jan. 13, 2006 Tr., 37.) Moreover, plaintiff was alerted to the immunity issue once Daulton filed his motion for summary judgment detailing the applicable law. Indeed, Daulton's attorney requested that plaintiff dismiss the case several times, but plaintiff refused. Id. at 10. Presented with such information, the trial court properly awarded sanctions to Daulton under R.C.2323.51(A)(2)(a)(ii).
 {¶ 16} The remaining inquiry is whether the amount of sanctions was reasonable. The court may award fees reasonably incurred and necessitated by the frivolous conduct. Wiltberger,
supra. Pursuant to R.C. 2323.51(B)(5)(a)(ii), a party seeking attorney fees may submit to the trial court an itemized list or other evidence of the legal services provided, the time expended, and the attorney fees associated with those services. Stuller,
supra. Here, Daulton requested $6,194 in fees and presented detailed invoices of the legal services provided, the time involved, and the fees for each service. The trial court did not abuse its discretion in awarding $6,000, premised on Daulton's evidence, as nothing in the record suggests the award of fees is unreasonable.
 {¶ 17} Plaintiff claims Daulton misrepresented the amount of fees to the trial court in that Daulton charged for two separate actions instead of one and shared information with other unrelated parties in an unrelated case. The record does not support plaintiff's contentions. All the invoices submitted relate to plaintiff's case against Daulton. The similarity among entries at different points in time is inconsequential, as in a given case attorneys often make numerous phone calls to the same individuals. Further, any entries referencing other attorneys or parties were relevant to plaintiff's case against Daulton and reflect the investigation of Daulton's attorney into the matter. Because the trial court properly found plaintiff engaged in frivolous conduct, and because the award of fees is reasonable, plaintiff's second assignment of error is overruled.
 {¶ 18} In his third assignment of error, plaintiff asserts the trial court informed plaintiff that if he dismissed his case, the court would impose no sanctions. Plaintiff claims the trial court then acted contrary to its representations by imposing sanctions.
 {¶ 19} Plaintiff dismissed his case on September 15, 2005 pursuant to Civ.R. 41(A). The trial court's journal entry of dismissal dated October 3, 2005 specifically notes that at the September 9, 2005 status conference the court informed plaintiff of his right to voluntarily dismiss his case for whatever reason plaintiff deemed necessary and appropriate. Nothing in the record, however, suggests the trial court assured plaintiff that dismissing his case would result in no sanctions against him. Plaintiff's third assignment of error is overruled.
 {¶ 20} Plaintiff's fourth assignment of error maintains the trial court was biased and prejudiced against him because plaintiff chose to represent himself rather than retain an attorney. Judicial bias is a hostile feeling or spirit of ill will or favoritism toward one of the parties or that party's attorney that creates in the judge a fixed anticipatory judgment.State v. Corrai, Franklin App. No. 04AP-599, 2005-Ohio-1156. Trial judges are presumed to be unbiased and unprejudiced, and the party alleging such must set forth evidence to overcome the presumption of integrity. Id.
 {¶ 21} Although plaintiff points to no evidence to support his contention, plaintiff may be referring to the trial court's advice to plaintiff to retain counsel. Rather than displaying bias or prejudice against plaintiff for representing himself, the trial court's statement appears directed to assisting plaintiff, as the trial court recognized plaintiff's difficult position in light of the immunity issue. Indeed, consultation with an attorney may have revealed the deficiencies in plaintiff's case and averted the award against plaintiff.
 {¶ 22} While plaintiff is dissatisfied with the outcome of his case, disagreement or dissatisfaction with a judge's ruling does not constitute bias or prejudice that mandates the judge be disqualified. In re Disqualification of Murphy (1988),36 Ohio St.3d 605. Because plaintiff fails to present any evidence the trial judge was biased or prejudiced, plaintiff's fourth assignment of error is overruled.
 {¶ 23} In his fifth assignment of error, plaintiff contends the trial court failed to consider the "mind" of plaintiff, even though information pertinent to plaintiff's intent was provided at the hearing. Plaintiff's intent, or the "mind" of plaintiff, is not a prerequisite to an award of sanctions under R.C.2323.51. Rindfleisch v. AFT, Inc., Cuyahoga App. No. 84551, 2005-Ohio-191 (noting that "[w]illfulness is not a prerequisite under [R.C. 2323.51]"). Plaintiff's fifth assignment of error is overruled.
 {¶ 24} Plaintiff's sixth assignment of error claims the trial court "referenced appellant['] actions incorrectly." Plaintiff's argument appears to assert that the trial court incorrectly stated "[t]he plaintiff chose not to hire counsel * * *." (January 20, 2005 Order, 2.) Plaintiff claims that, despite his attempts to find counsel, no one would represent him.
 {¶ 25} According to the record, plaintiff did not attempt to retain counsel until well after he filed two complaints against Daulton. Because plaintiff failed to contact counsel prior to filing his complaints against Daulton, the trial court was not inaccurate in its statement that plaintiff chose to represent himself. Moreover, even if plaintiff belatedly sought counsel, his subsequent attempts do not obviate the fact that he filed complaints against Daulton without even the most minimal attempt to determine the viability of such an action against a guardian ad litem. Plaintiff's sixth assignment of error is overruled.
 {¶ 26} Plaintiff's seventh and final assignment of error maintains that Daulton provided false information to the trial court "and it was so noted at hearing." Plaintiff asserts that at the hearing on Daulton's motion for sanctions, Daulton testified he never received any documents or other evidence from plaintiff to support plaintiff's claims. Plaintiff contends he provided such evidence, but Daulton essentially lied at the hearing. Plaintiff further asserts that if Daulton wanted to know what information plaintiff had in support of his claims, Daulton could have deposed various individuals.
 {¶ 27} Daulton was not required to depose anyone. When Daulton testified he had not seen evidence to support the allegations of plaintiff's complaint, he was referencing, in part, discovery requests directed to plaintiff to which Daulton did not receive a response. Nothing in the record suggests that Daulton provided false information, or that the court noted any irregularity, in that regard. Accordingly, plaintiff's seventh assignment of error is overruled.
 {¶ 28} Having overruled plaintiff's seven assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas awarding Daulton attorney fees in the amount of $6,000.
 {¶ 29} Daulton filed a motion seeking an award of attorney fees pursuant to App.R. 23. Daulton argues that because plaintiff's case against him was so clearly frivolous, and because the amount of the award was appropriate and reasonable, plaintiff's appeal is frivolous.
 {¶ 30} App.R. 23 provides that "[i]f a court of appeals shall determine that an appeal is frivolous, it may require the appellant to pay reasonable expenses of the appellee including attorney fees and costs." "[T]he purpose of sanctions under App.R. 23 is to compensate the non-appealing party for the expense of having to defend a spurious appeal, and to help preserve the appellate calendar for cases truly worthy of consideration." Stuller, at ¶ 28, quoting Frownie v. Hubbard
(Feb. 15, 2000), Franklin App. No. 99AP-496. A frivolous appeal under App.R. 23 is one that presents no reasonable question for review. Stuller, supra, quoting Frownie, quoting Talbott v.Fountas (1984), 16 Ohio App.3d 226.
 {¶ 31} In Stuller, the appellant assigned six errors, two of which related to whether the trial court's award of attorney fees under R.C. 2323.51 was appropriate. The appellant challenged the trial court's finding of frivolous conduct and, even if her conduct were frivolous, the appellant claimed the amount of awarded fees was not reasonable. While this court held the two assignments of error challenging the award of sanctions in the trial court were ultimately without merit, we held, in circumstances similar to those in this case, that appellant's arguments challenging the trial court's award of sanctions presented reasonable questions for review. Accordingly, we held sanctions pursuant to App.R. 23 were inappropriate. Id.
 {¶ 32} Here, although plaintiff's contentions are difficult to precisely ascertain, plaintiff appears to challenge both the trial court's finding that he engaged in frivolous conduct and the amount of the sanctions imposed. Pursuant to Stuller, an award of fees under App.R. 23 is not warranted in this case. Daulton's motion is denied.
 {¶ 33} Having overruled plaintiff's assignments of error, the judgment of the Franklin County Court of Common Pleas is affirmed.
Motion denied; judgment affirmed.
French and Travis, JJ., concur.