JOURNAL ENTRY AND OPINION
{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel.
 {¶ 2} Plaintiff-appellant, Nancy Rolfe, appeals the decision of the Cuyahoga County Court of Common Pleas that granted defendant-appellee, Blaise Giusto's, motion for summary judgment. Finding no error with the trial court's decision, we affirm.
 {¶ 3} Rolfe filed a lawsuit against Giusto alleging that in violation of a court order he engaged in conduct that falsely accused Rolfe of abusing her child with the intended purpose of depriving her of visitation and/or possession and/or custody of her minor child, which was not in the best interest of the child. This lawsuit arose out of a juvenile court action involving the determination of appropriate allocation of parental rights and privileges concerning the minor child of Rolfe and the father of the child, Denver Barry. Giusto had been assigned as guardian ad litem ("GAL") in the custody suit to represent what was in the best interest of the minor child.
 {¶ 4} Giusto filed a motion for summary judgment asserting absolute immunity for all actions arising out of his role as GAL. Rolfe filed her brief in opposition, arguing that the conduct by the GAL was in violation of a court order, not in furtherance of the child's best interest and outside the scope of his appointment and, therefore, his actions were not covered by the doctrine of absolute immunity. The trial court granted Giusto's motion for summary judgment, and this appeal follows. Rolfe asserts one assignment of error for our review and states the following:
 {¶ 5} "The trial court erred in granting defendant's motion for summary judgment."
 {¶ 6} This court reviews a trial court's grant of summary judgment de novo. Ekstrom v. Cuyahoga County Comm. College, 150 Ohio App.3d 169,2002-Ohio-6228. Before summary judgment may be granted, a court must determine that "(1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." State ex rel. Dussell v. Lakewood Police Dept.,99 Ohio St.3d 299, 300-301, 2003-Ohio-3652, citing State ex rel. Duganitzv. Ohio Adult Parole Auth., 77 Ohio St.3d 190, 191, 1996-Ohio-326.
 {¶ 7} Rolfe argues that Giusto is not protected by the doctrine of absolute immunity because the juvenile court specifically found that he acted in direct violation of a court order and not in the best interest of the child and removed Giusto as GAL.
The journal entry stated the following:
 "Defendant claimed that the Court prohibited the making of any videotapes which one guardian participated in making available to the treating therapist and to the psychological evaluator, which claim is accurate. The evidence proved that the guardian ad litem, in direct violation of a court order, knew that [the child] was videotaped by Kim Barry, that he never informed the court that the court's order was being violated, and participated in the dissemination of the tapes to the therapist and psychological evaluator. The guardian's failing to inform the court of the plaintiff's violation and participating in providing those tapes to the child's therapist and to the child's psychological evaluator affected the results and tainted the evidence pertaining to the child's best interests. No reason was presented to explain the guardian's actions. His failure to inform the court that the child was being videotaped while being questioned by a member of the father's family about the mother abusing [the child] is not harmless error, and affected the determination of the child's best interest, given the totality of all evidence about abuse toward [the child]."
 {¶ 8} Giusto argues that at all relevant times he was acting solely in furtherance of his role as GAL and in the best interests of the child. He argues the doctrine of absolute immunity was created to protect GALs in situations like this where an unsatisfied parent claims defamation, false statements, coercion, abuse and conspiracy.
 {¶ 9} The existence of immunity as a defense in a civil action is a purely legal issue, properly determined by a trial court prior to trial.Dolan v. Kronenberg (July 22, 1999), Cuyahoga App. No. 76054, citingGoad v. Cuyahoga Cty. Bd. of Commrs. (1992), 79 Ohio App.3d 521, 524.
 {¶ 10} In Pisani v. Pisani (Dec. 11, 1997), Cuyahoga App. No. 72136, this court affirmed a grant of summary judgment in favor of the guardian ad litem, holding that a guardian ad litem enjoys the same absolute immunity from actions for defamation and invasion of privacy arising out of their service as guardian ad litem as do judges, counsel, parties, and witnesses. Similarly, in Penn v. McMonagle (1990),60 Ohio App.3d 149, 152, the Sixth Appellate District held that a guardian ad litem "is entitled to absolute immunity from actions arising out of the performance of her duties as guardian ad litem." The Penn court adopted the reasoning of the Sixth Circuit Court of Appeals in Kurzawa v.Mueller (C.A. 6, 1984), 732 F.2d 1456, 1458, wherein the court stated:
 "* * * a guardian ad litem * * * must act in the best interests of the child he represents. Such a position clearly places him squarely within the judicial process to accomplish that goal. A guardian ad litem must also be able to function without the worry of possible later harassment and intimidation from dissatisfied parents. Consequently, a grant of absolute immunity would be appropriate. A failure to grant immunity would hamper the duties of a guardian ad litem in his role as advocate for the child in judicial proceedings."
 {¶ 11} Contrary to Rolfe's assertion, the juvenile court did not find that Giusto's actions were against the child's best interest or outside the scope of his duties as GAL. The juvenile court stated:
 "Defendant [Rolfe] next claimed that the guardian failed to fully and impartially investigate complaints of abuse toward [the child]. The evidence shows the opposite. The guardian ad litem assiduously investigated those complaints, whether or not to [Rolfe's] satisfaction or liking. * * *
 "As to her last two claims that the guardian ad litem failed to comply with local court guidelines and failed to impartially prepare a written report, the court finds that [Rolfe] failed in her burden to show, other than as previously found, any non-compliance with Juvenile Court guidelines for guardian ad litems, or impartial preparation of the report."
 {¶ 12} Finally, the juvenile court noted:
 "Nancy Rolfe, in [an] effort to cause the guardian to remove himself from this case telephoned divorce counsel for the wife of the guardian ad litem after filing one of her motions to have the guardian removed. Her out-of-court actions demonstrate the extent of her determination in pursuit of her motion. Therefore the court for good cause must issue some extraordinary orders to insure that a future guardian is not subjected to this level of zealousness."
 {¶ 13} It is clear from the record before us, that Giusto was acting in his capacity as GAL. Although Giusto violated a court order, that action does not give rise to an independent cause of action for defamation. See Pisani, supra (attorney violated the code of professional responsibility, but his actions did not rise to an independent cause of action for invasion of privacy or slander). Giusto enjoys absolute immunity in the performance of his duties as GAL. Accordingly, Rolfe's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, P.J., and MICHAEL J. CORRIGAN, J.,* CONCUR
* Sitting by Assignment: Judge Michael J. Corrigan, Retired, of the Eighth District Court of Appeals.