SEAN C. GALLAGHER, J.:
*858 {¶ 1} Blake Dickson appeals the judgment entered on the pleadings in favor of Pamela Gorski. The allegations in the complaint stem from Gorski's performance of duties as guardian ad litem in Dickson's domestic relations case, Cuyahoga C.P. No. DR-13-348970 ("divorce case"). The trial court accordingly held that Gorski was entitled to absolute immunity from the claims asserted in the separate proceeding. We affirm.
{¶ 2} Gorski was appointed by the domestic relations court to serve as a guardian ad litem during Dickson's divorce proceedings. At the conclusion of the divorce case, Gorski was awarded fees totaling around $33,000 for services rendered. Dickson was responsible for half. After obtaining a judgment lien against Dickson, Gorski initiated proceedings to collect on the judgment. Dickson then filed a motion for relief from judgment in the divorce case, which is the subject of another appeal pending in 8th Dist. Cuyahoga No. 105318. In this action, Dickson claims Gorski was negligent in performing her obligations as the guardian ad litem and committed fraud through requesting excessive fees for services not rendered.
{¶ 3} Gorski answered the complaint and filed a motion for judgment on the pleadings under Civ.R. 12(C), claiming that she is entitled to absolute immunity in the separate action for any actions arising from her service as the guardian ad litem. The trial court agreed and entered judgment in favor of Gorski upon all claims. Dickson appealed.
{¶ 4} In the sole assignment of error, Dickson claims the trial court erred by applying the doctrine of absolute immunity in this case. Essentially, he seeks an exception allowing for a factual, case-by-case inquiry into whether a guardian ad litem is entitled to assert immunity for actions arising from her performance of the duties associated with the appointment.
{¶ 5} We review a ruling on a motion for judgment on the pleadings de novo. Thornton v. Cleveland , 176 Ohio App.3d 122, 2008-Ohio-1709, 890 N.E.2d 353, ¶ 3 (8th Dist.). Motions for judgment on the pleadings are governed by Civ.R. 12(C), which states: "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." "In order to be entitled to a dismissal under Civ.R. 12(C), it must appear beyond doubt that [the nonmovant] can prove no set of facts warranting the requested relief, after construing all material factual allegations in the complaint and all reasonable inferences therefrom in [the nonmovant's] favor." State ex rel. Toledo v. Lucas Cty. Bd. of Elections , 95 Ohio St.3d 73, 74, 2002-Ohio-1383, 765 N.E.2d 854.
{¶ 6} Absolute immunity, as a complete defense to the claims advanced in a complaint, can be raised on motion to dismiss or judgment on the pleadings. Pisani v. Pisani , 8th Dist. Cuyahoga No. 72136, 1997 WL 767452, *1-2, 1997 Ohio App. LEXIS 5549, *4 (Dec. 11, 1997) ; Dolan v. Kronenberg , 8th Dist. Cuyahoga No. 76054, 1999 WL 528202, *2, 1999 Ohio App. LEXIS 3387, *7 (July 22, 1999). "The existence of immunity as a defense in a civil action is a purely legal issue, properly determined by a trial court prior to trial." Rolfe v. Giusto , 8th Dist. Cuyahoga No. 87831, 2007-Ohio-78, 2007 WL 64687, ¶ 9, citing Kronenberg and Goad v. Cuyahoga Cty. Bd. of Commrs. , 79 Ohio App.3d 521, 524, 607 N.E.2d 878 (8th Dist.1992).
*859 {¶ 7} The law is not in dispute. A guardian ad litem is entitled to absolute immunity against a collateral attack on her performance of the duties as a matter of law. For example, in Giusto , summary judgment in favor of the guardian ad litem was affirmed, with the court recognizing that a guardian ad litem enjoys absolute immunity from tort actions arising out of service as guardian ad litem. Giusto at ¶ 10 ; Lisboa v. Lisboa , 8th Dist. Cuyahoga No. 95673, 2011-Ohio-351, 2011 WL 319956, ¶ 21. Similarly, in Penn v. McMonagle , 60 Ohio App.3d 149, 152, 573 N.E.2d 1234 (6th Dist.1990), the Sixth Appellate District agreed, noting that a guardian ad litem acts in a quasi-judicial function and is entitled to the same immunity afforded to the judiciary when the allegations stem from the performance of the duties attendant to the appointment. Id. , citing Wilson v. Neu , 12 Ohio St.3d 102, 465 N.E.2d 854 (1984) ; see also Kellogg v. Daulton , 10th Dist. Franklin No. 06AP-106, 2006-Ohio-4115, 2006 WL 2301664, ¶ 8 ; Williams v. Barrick , 10th Dist. Franklin No. 08AP-133, 2008-Ohio-4592, 2008 WL 4174146, ¶ 12. Ohio is not alone in recognizing that a guardian ad litem is entitled to absolute immunity for actions arising out of the performance of her duties. Dahl v. Dahl , 744 F.3d 623, 630 (10th Cir.2014), citing Cleavinger v. Saxner , 474 U.S. 193, 199, 106 S.Ct. 496, 88 L.Ed.2d 507 (1985) ; Cok v. Cosentino , 876 F.2d 1, 3 (1st Cir.1989) ; Gardner ex rel. Gardner v. Parson , 874 F.2d 131, 146 (3d Cir.1989) ; Fleming v. Asbill , 42 F.3d 886, 889 (4th Cir.1994) ; Kurzawa v. Mueller , 732 F.2d 1456, 1458 (6th Cir.1984) ; Cooney v. Rossiter , 583 F.3d 967, 970 (7th Cir.2009) ; McCuen v. Polk Cty., Iowa , 893 F.2d 172, 174 (8th Cir.1990) ; Wideman v. Colorado , 409 Fed.Appx. 184, 186 (10th Cir.2010).
{¶ 8} Despite the well-settled authority to the contrary, Dickson claims that a guardian ad litem's immunity should not be absolute because if that is the case,
a [guardian ad litem] is free to charge whatever hourly rate she chooses (despite a Local Rule mandating otherwise), sage [sic] is free to grossly and falsely inflate the number of hours that she spent on the case, she is free to bill for work she did not do, she is free to knowingly act contrary to the best interests of the children and she is free to take a bribe from a party for a favorable report. And the party against whom she is acting not only has no recourse for her fraudulent, tortious, criminal actions, but they have to pay her at whatever rate she chooses, for however many hours she claims she worked, even if she did not work those hours, with no ability to challenge that bill or investigate whether the work was done.
The applicability of the absolute immunity doctrine is not pinned to the severity of the party's alleged misconduct. We reiterate, "the existence of immunity as a defense in a civil action is a purely legal issue, properly determined by a trial court prior to trial." Giusto at ¶ 9, citing Kronenberg and Goad . We cannot create the rule Dickson desires; such a proposition would defeat the purpose of providing guardians ad litem with absolute immunity in the first place. "A guardian ad litem must also be able to function without the worry of possible later harassment and intimidation from dissatisfied parents. * * * A failure to grant immunity would hamper the duties of a guardian ad litem in his role as advocate for the child in judicial proceedings." Penn at 152, 573 N.E.2d 1234, quoting Mueller .
{¶ 9} Instead, whether absolute immunity applies is a question of law with the only inquiry focusing on from where the allegations arose. If the alleged misconduct stems from the guardian ad litem's performance *860 under the court appointment, which is readily apparent from reviewing the allegations in the complaint, the guardian ad litem is entitled to absolute immunity as a matter of law. On this point, there is no factual dispute. Dickson does not challenge the conclusion that the allegations in the underlying complaint stem from Gorski's performance as the guardian ad litem in the divorce action-the complaint is entirely based on her fulfillment of the court-appointed role.
{¶ 10} We acknowledge that parties in a divorce action are vulnerable and in certain situations may need to challenge the guardian ad litem's action. Absolute immunity does not give a guardian ad litem impunity to misbehave, as Dickson fears. A guardian ad litem's conduct, including issues related to the billing, may be timely challenged in the case in which she was appointed and monitored by the trial court. Absolute immunity simply precludes parties from collaterally attacking the guardian ad litem in another venue for any acts or omissions arising from the performance of her duties as a guardian ad litem.
{¶ 11} As a matter of law, absolute immunity precludes Dickson from advancing his separate action, which is based on allegations of misconduct arising from Gorski's performance of her duties as the guardian ad litem in the divorce case. Dickson's sole assignment of error is overruled. We affirm.
KATHLEEN ANN KEOUGH, A.J., and FRANK D. CELEBREZZE, JR., J., CONCUR