Mark J. Obral, Thomas J. Silk, Obral, Silk & Associates, 55 Public Square, Suite 1700, Cleveland, Ohio 44113, ATTORNEYS FOR APPELLANTS.
John C. Cubar, Patrick J. Gump, McNeal, Schick, Archibald & Biro Co., L.P.A., Van Sweringen Arcade, Suite 250, 123 West Prospect Avenue, Cleveland, Ohio 44115, ATTORNEYS FOR APPELLEES, For Pekin Insurance Company, in care of Keith Brady, Adjuster.
Walter H. Krohngold, Ritzler, Coughlin & Paglia, Ltd., 1360 East Ninth Street, 1000 IMG Center, Cleveland, Ohio 44114, ATTORNEYS FOR APPELLEES, For Allstate Fire and Casualty Insurance Company.
Michael E. Reardon, Douglass & Associates Co., L.P.A., 4725 Grayton Road, Cleveland, Ohio 44135, ATTORNEYS FOR APPELLEES, For Bureau of Workers' Compensation.
Libert Pinto, 700 W. St. Clair Avenue, Suite 400, Cleveland, Ohio 44113, Michael R. Shanabruch, Progressive House Counsel-Cleveland, 625 Alpha Drive, Box # 011B, Cleveland, Ohio 44143, ATTORNEYS FOR APPELLEES, For Luan Sema.
BEFORE: Laster Mays, J., E.A. Gallagher, A.J., and Blackmon, J.
JOURNAL ENTRY AND OPINION
ANITA LASTER MAYS, J.:
{¶ 1} Plaintiffs-appellants Nicholas Herman ("Herman") and Mark D. Wright ("Wright") appeal the trial court's decision to grant defendant's motion for summary judgment on the pleadings, and asks this court to reverse the trial court's decision and remand for further proceedings. We affirm.
I. Facts
{¶ 2} On May 20, 2014, Herman and Wright were parked along the right shoulder of the westbound lanes of I-90 in the city of Cleveland, with emergency flashers operating. Both Herman and Wright were in the scope of their employment with the Ohio Department of Transportation ("ODOT"), when Luan Sema ("Sema") struck Herman and Wright's vehicle, causing injuries to both. Herman and Wright filed a complaint against Sema, Pekin Insurance Company ("Pekin"), Allstate Fire and Casualty Insurance Company, and the Ohio Bureau of Workers' Compensation.
{¶ 3} Herman was issued a business auto insurance policy from Pekin with a policy term from December 23, 2013 to November 13, 2014. The named insured on the policy is Lawnstars Landscaping, L.L.C. ("Lawnstars"). Herman is the sole owner of Lawnstars. The vehicle that Pekin's policy covered was sometimes used for Herman's personal use and also for his business. However, Herman was in an ODOT vehicle and was not in his personal vehicle at the time of the accident. Nonetheless, Herman filed a claim with Pekin, under the underinsured motorist coverage. Pekin denied the claim, stating that Herman and Wright were not covered persons for the purposes of uninsured/underinsured motorist coverage with Lawnstars because they were not working within the *938 course and scope of employment with Lawnstars at the time of the accident.
{¶ 4} The trial court agreed with Pekin and granted Pekin summary judgment stating in its journal entry:
The [c]ourt finds beyond doubt that the plaintiffs could prove no set of facts in support of the claim that plaintiffs are covered persons entitling them to underinsured motorist coverage under the policy issued by defendant Pekin Insurance Company to Lawnstars Landscaping, LLC, as the plaintiff Nicholas Herman was operating the motor vehicle involved in the collision while in the course and scope of his employment with the Ohio Department of Transportation * * *. In construing the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, the court finds that no material factual issues exist and that the movant defendant Pekin Insurance Company is entitled to judgment as matter of law under Civ.R. (12)(C).
See journal entry no. 97989903 (Mar. 9, 2017).
{¶ 5} As a result Herman filed this appeal submitting one assignment of error for our review:
I. The trial court erred in granting defendant Pekin Insurance Company's motion for judgment on the pleadings.
II. Law and Analysis
{¶ 6} In Herman's sole assignment of error, he argues that the trial court erred by granting Pekin's motion for summary judgment.
We review a ruling on a motion for judgment on the pleadings de novo. Thornton v. Cleveland , 176 Ohio App.3d 122, 2008-Ohio-1709, 890 N.E.2d 353, ¶ 3 (8th Dist.). Motions for judgment on the pleadings are governed by Civ.R. 12(C), which states: "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." "In order to be entitled to a dismissal under Civ.R. 12(C), it must appear beyond doubt that [the nonmovant] can prove no set of facts warranting the requested relief, after construing all material factual allegations in the complaint and all reasonable inferences therefrom in [the nonmovant's] favor." State ex rel. Toledo v. Lucas Cty. Bd. of Elections , 95 Ohio St.3d 73, 74, 2002-Ohio-1383, 765 N.E.2d 854.
Dickson v. Gorski , 2017-Ohio-8582, 100 N.E.3d 857, ¶ 5.
{¶ 7} Herman argues that the policy does not contain specific language stating that the policy coverage only applies when Herman or Wright (as a passenger) are involved in a collision while in the scope of employment for Lawnstars. Herman contends that the policy is a generic policy that coverage extends to the insured for bodily injury caused by an accident . (Emphasis added.) The language of the policy states:
OHIO UNINSURED AND UNDERINSURED MOTORISTS COVERAGE-BODILY INJURY
For a covered "auto" licensed or principally garaged in, Ohio, this endorsement modifies insurance provided under the following:
YOUR AUTO POLICY FORM 1500
With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.
This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below. This endorsement replaces PART
*939 VI-UNINSURED MOTORISTS INSURANCE (INCLUDING UNDERINSURED MOTORIST).
A. Coverage
1. We will pay all sums the "insured" is legally entitled to recover as compensatory damages from the owner or operator of an "uninsured motor vehicle" or "underinsured motor vehicle" because of "bodily injury" sustained by the "insured" and caused by an "accident."
The owner's or operator's liability for these damages must result from the ownership, maintenance or use of the "uninsured motor vehicle" or "underinsured motor vehicle."
2. With respect to damages resulting from an "accident" with an underinsured motor vehicle," we will pay under the coverage selected under this endorsement only if Paragraph a. or b. below applies:
a. The limits of any applicable liability bonds or policies have been exhausted by payment of judgments or settlements; or
b. A tentative settlement has been made between an "insured" and the insurer of the "underinsured motor vehicle" and we:
(1) Have been given prompt written notice of such settlement; and
(2) Advance payment to the "insured" in an amount equal to any judgment for damages arising out of a suit brought without our written consent is not binding on us.
B. Who Is An Insured
If the Named Insured is designated in the Declarations as:
2. A partnership, limited liability company, corporation or any other form of organization, then the following are "insureds":
a. Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto." The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction. However, no coverage is provided for anyone occupying an "auto" which is not a covered auto for Uninsured Motorists and/or Underinsured Motorists Coverage under this coverage form.
b. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured."
The Commercial Auto Policy provides Comprehensive Auto Coverage that supplements the definition of covered autos to include any auto. It provides as follows:
COMPREHENSIVE AUTO COVERAGE
With respects to Part IV-Liability Insurance, Part V-Medical Payments Insurance and Part VI-Uninsured Motorists Insurance including Underinsured Motorist, the definition shown under part II, sections A and B, which autos are covered autos, is deleted and replaced by the following:
A. Description of covered autos.
Any auto.
B. Owned autos you acquire after the policy begins.
1. You have coverage for autos that you acquire for the remainder of the policy period. Autos acquired during a prior policy period will be covered autos only if the auto is specifically described in the Declarations.
*940 The policy also contains a Commercial Auto Enhancement Endorsement in relevant part reads as follows:
THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.
COMMERCIAL AUTO ENHANCEMENT ENDORSEMENT
This endorsement modifies insurance provided under the following: YOUR AUTO POLICY
With respect to coverage provided by this endorsement, the provisions of YOUR AUTO POLICY apply unless modified by this endorsement.
3. PART VI, UNINSURED MOTORISTS INSURANCE (INCLUDING UNDERINSURED MOTORIST), D. WHO IS INSURED is amended by adding the following as insureds:
Any of your executive officers and his or her family members are insureds while occupying any private passenger or light truck (10,000 lbs. or less gross vehicle weight) type auto you do not own except any auto owned by that executive officer or by any of his or her family members.
{¶ 8} However, the trial court applied the reasoning from Westfield Ins. Co. v. Galatis , 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, that decided that,
[A]bsent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment. Additionally, where a policy of insurance designates a corporation as a named insured, the designation of "family members" of the named insured as "other insureds" does not extend insurance coverage to a family member of an employee of the corporation, unless that employee is also a named insured.
Westfield at ¶ 62.
{¶ 9} In accordance with the holding in Westfield , there is no specific language to the contrary. Because Lawnstars was named on the policy as the insured, the coverage covers loss that occurs by an employee of Lawnstars within the course and scope of employment. Herman and Wright were within the course and scope of employment for ODOT at the time of accident, and therefore, coverage does not extend to them.
{¶ 10} Herman and Pekin disagree as to the language of the policy and what it covers.
It is generally the role of the finder of fact to resolve ambiguity. See, e.g., Davis v. Loopco Indus., Inc. , 66 Ohio St.3d 64, 609 N.E.2d 144 (1993). However, where the written contract is standardized and between parties of unequal bargaining power, an ambiguity in the writing will be interpreted strictly against the drafter and in favor of the nondrafting party. Cent. Realty Co. v. Clutter , 62 Ohio St.2d 411, 413, 406 N.E.2d 515 (1980). In the insurance context, the insurer customarily drafts the contract. Thus, an ambiguity in an insurance contract is ordinarily interpreted against the insurer and in favor of the insured. King v. Nationwide Ins. Co. , 35 Ohio St.3d 208, 519 N.E.2d 1380 (1988), syllabus.
There are limitations to the preceding rule. "Although, as a rule, a policy of insurance that is reasonably open to different interpretations will be construed most favorably for the insured, that rule will not be applied so as to provide an unreasonable interpretation of the words of the policy." Morfoot v. Stake , 174 Ohio St. 506, 190 N.E.2d 573 (1963), paragraph one of the syllabus. Likewise, *941 where "the plaintiff is not a party to [the] contract of insurance * * *, [the plaintiff] is not in a position to urge, as one of the parties, that the contract be construed strictly against the other party." Cook v. Kozell , 176 Ohio St. 332, 336, 199 N.E.2d 566 (1964). This rings especially true where expanding coverage beyond a policyholder's needs will increase the policyholder's premiums. Id.
Id. at ¶ 13-14.
{¶ 11} It is unreasonable to believe that the business insurance policy should cover Herman and Wright's bodily injuries while working outside of the course and scope of Lawnstars' business. Therefore, we affirm the trial court's decision to grant Pekin's motion for judgment on the pleadings.
{¶ 12} Appellants' sole assignment of error is overruled.
{¶ 13} Judgment is affirmed.
EILEEN A. GALLAGHER, A.J., and PATRICIA ANN BLACKMON, J., CONCUR